John Doe Corporation A, B, C, D, and E, Petitioners *v.* Commonwealth of Pennsylvania, Pennsylvania Crime Commission, Respondent.

In Re: Petition for Enforcement of a Subpoena to John Doe Corp. "A"

In Re: Petition for Enforcement of a Subpoena to John Doe Corp. "B"

In Re: Petition for Enforcement of a Subpoena to John Doe Corp. "C"

In Re: Petition for Enforcement of a Subpoena to John Doe Corp. "D"

In Re: Petition for Enforcement of a Subpoena to John Doe Corp. "E"

Argued April 3, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

236

*Mark A. Aronchick,* with him, *Alan J. Davis, Mark R. Rosen* and *Helen A. Marino, Wolf, Block, Schorr and Solis-Cohen,* for petitioners.

*Joan Weiner,* Special Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, July 30, 1984:

The Pennsylvania Crime Commission (Commission) served subpoenas upon the John Doe Corporations A, B, C, D and E (Corporations) for the production of documents. The Corporations refused to comply with the subpoenas, and the Commission subsequently has petitioned this Court for the enforcement of the subpoenas. The Corporations have filed preliminary objections in the nature of a demurrer and a motion for a more specific pleading.

Concurrently, the Corporations have filed a petition for review in our original jurisdiction in regard to the Commission's subpoenas. The Commission has filed preliminary objections raising a lack of jurisdiction and failure of the petition to conform to law or rule of Court.

Both the petitions for enforcement and the petition for review were consolidated for argument before this Court on the various preliminary objections; we will, however, discuss the preliminary objections to the petitions for enforcement first.

*Nos. 3470, 3471, 3472, 3473, 3474 C.D. 1983*

The Commission is an investigative agency which acts pursuant to the powers and duties conferred upon it by the Pennsylvania Crime Commission Act, Act of October 4, 1978, P.L. 876, 71 P.S. §§1190.1-1190.11 (Act). These include the power to issue subpoenas, Section 4(7) of the Act, 71 P.S. §1190.4(7), and a provision for enforcement of subpoenas, Section 7 of the Act, 71 P.S. §1190.7. These powers were the basis for the subpoenas served upon the five Corporations on November 9, 1983. The subpoenas commanded the production of various documents covering the period 1979 through the date of service.

The Corporations refused to comply with the subpoenas. Although, as we will discuss more fully, Section 7 of the Act appears to provide that the Commission's subpoenas are self-executing, the Commission next sought the aid of this Court in enforcing its subpoenas.

The Corporations frame most of their preliminary objections to the subpoenas as a demurrer. We are mindful that a preliminary objection in the nature of a demurrer admits all well-pleaded material facts in the pleading to which it is addressed as well as all reasonable inferences therefrom. A demurrer will be sustained only when it is clear on the face of the pleading that the claim cannot be sustained and the law will not permit the recovery sought. Finally, any doubt should be resolved in favor of overruling the demurrer. *Association of Pennsylvania State College and University Faculties v. Commonwealth*, 44 Pa. Commonwealth Ct. 193, 403 A.2d 1031 (1979). We therefore will discuss the Corporations' objections in light of this standard.

The Corporations first object that Section 7 of the Act is unconstitutional in that it fails to provide a

procedure for court enforcement of the Commission's subpoenas as a prerequisite to a finding of contempt. Section 7 states:

> If any person subpoenaed pursuant to section 4(7) [of the Act] shall neglect or refuse to obey the command of the subpoena, any judge of the Commonwealth Court, upon request of the commission, and on proof of affidavit of service of the subpoena, payment or tender of any fees required and of refusal or neglect by the person to obey the command of the subpoena may issue a warrant for the arrest of said person to bring him before said judge, who is authorized to proceed against said person as for civil contempt of court.

The Commission acknowledges that the failure of the statute to provide an intermediate hearing before the Court on the substance of the subpoenas does not satisfy the requirements of due process.[1]

Historically, the courts of Pennsylvania have held that a three step procedure is required in order to find a person guilty of contempt where an agency has issued a subpoena; *i.e.*, service of the subpoena; a hearing before a court upon the person's failure to comply with the subpoena and a court order for compliance; and a court finding of contempt for failure to comply with the court's order. *See, e.g., Commonwealth ex rel. Chidsey v. Mallen,* 360 Pa. 606, 63 A.2d 49 (1949) (enforcement procedure for subpoena issued by administrative agency must include hearing before a court on the merits of the subpoena). Accordingly, although Section 7 of the Act is unconstitu-

---

[1] The present statute is in contrast to the former statute, which provided that upon failure of a person to respond to a subpoena, the Commission could invoke the aid of the court for enforcement purposes. Section 3 of the Act of July 31, 1968, P.L. 754, 71 P.S. §307-7(9), repealed by the Act of October 4, 1978, P.L. 876.

tional on its face because it purports to eliminate the necessity for a hearing before the court, the relevant question is whether the Commonwealth as embodied by the Commission can be restricted from enforcing its subpoenas. We hold that it cannot.

Section 4(7) of the Act grants the Commission the power to issue subpoenas, independently of the enforcement procedure found in Section 7. We do not find that the provisions of Section 4(7) are so essentially and inseparably connected with the provisions of Section 7 that it can be presumed that the General Assembly would not have granted the Commission the power to subpoena if the specific method of enforcement could not be provided. Therefore, Section 7 of the Act is severable. Section 1925 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1925.[2]

Having found that the Commission does indeed have the power to issue subpoenas, we look to Section 520 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §200 (Code), for a means of enforcement which is granted generally to administrative agencies of the Commonwealth. Judicial construction of Section 520 of the Code has shown that due process requires a hearing before a court[3] and a judicial order to comply with the Com-

---

[2] The Corporations also argue that the legislative intent was that no hearing before a court be required for enforcement of a commission subpoena. Even assuming that this is true, the obvious broad intent was that the Commission should have power to subpoena and an enforcement procedure for making that power meaningful. We therefore find that the remaining provisions of the Act must be valid. Section 1925 of the Statutory Construction Act of 1972.

[3] Jurisdiction is granted to this Court for enforcement of the Commission's subpoenas by Section 761(b) of the Judicial Code, 42 Pa. C. S. §761(b). *See also Petition of Pennsylvania Crime Commission*, 446 Pa. 152, 285 A.2d 494 (1971) (construing the enforcement procedure formerly granted to the Commission).

mission's subpoena, prior to a petition seeking citation for contempt. *Mallen.* Thus, the Commission is not only empowered, but required, to seek a court hearing on the merits of the subpoenas through a petition for enforcement; the Corporations' argument to the contrary must fail. It would be absurd to hold that the Commission is without a means of enforcing its subpoena power. An investigative commission without power to investigate obviously was not the legislative intent.

The Corporations allege that the language printed upon the face of the Commission's subpoenas[4] is a misrepresentation of the Corporations' rights and an abuse of the Commission's power such that this Court should refuse enforcement in the exercise of its equitable jurisdiction. This argument is without merit. The documents simply warn that failure of the Corporations to comply *may* result in further action being taken by the Commission. Furthermore, the Corporations obviously were not in any way misled by this language and they were able to ignore the subpoenas with impunity prior to the initiation of the present action for enforcement.

The Commission alleges in its petition for enforcement that it is conducting an investigation pursuant to a Resolution of the Crime Commission which is duly authorized by law, and that the subpoenas were issued in good faith, seeking information relevant to this ongoing investigation. The Corporations object with an averment that the investigation was not lawfully initiated. Using the standard applicable to a preliminary objection in the nature of a demurrer, we

---

[4] The documents state in pertinent part: "FAILURE TO ATTEND AND TO PRODUCE the items herein specified may subject you to contempt proceedings and to such other penalties as are prescribed by law." (Capitalization in original.)

must deny the Corporations' request that the subpoenas be stricken and dismissed.

Additionally, the Corporations object that the Commission has not averred sufficient facts to support the enforcement of its subpoenas.

> An investigatory agency need not provide in its subpoena specific notice of the details and the minutae being investigated. What is required is that the subpoena contain the legislative declaration of the Commission's purpose in a manner so as to reasonably disclose the general matters under investigation, thus minimizing the possibility of surprise at the actual hearing.

*Pennsylvania Crime Commission v. Nacrelli,* 5 Pa. Commonwealth Ct. 551, 571 (1972). In its petition for enforcement and attached resolution, the Commission alleges sufficient facts to be proof against the Corporations' preliminary objection. We do not, however, here determine that nothing more is required at the hearing on the petitions for enforcement. The hearing will also permit the Corporations to present evidence on the merits of the subpoenas, which is the real issue in their averment that the subpoenas are overbroad.

For the reasons discussed, the Corporations' preliminary objections in the nature of a demurrer and their motion for a more specific pleading are denied.

### No. 3178 C.D. 1983

Having refused to comply with the Commission's subpoenas, the Corporations have filed a petition for review of the subpoenas. The Commission raises several preliminary objections to this petition for review, primarily on the ground that this Court lacks jurisdiction to entertain the petition.

There can be no doubt that prior to the enactment of Section 7 of the Act, the Corporations' petition for review would fall within the holding of *Pennsylvania Crime Commission Subpoena*, 453 Pa. 513, 309 A.2d 401 (1973), and be stricken. Our Supreme Court there held that the validity of a subpoena issued by the Commission cannot be contested until the Commission invokes enforcement procedures; until that time, the subpoena is no more than an invitation to appear which can be ignored without peril by the recipient.

The Corporations argue, however, that *Pennsylvania Crime Commission Subpoena* is no longer relevant in view of the provisions of Section 7. Since we have now held those provisions to be unconstitutional but severable, we are of the opinion that the status quo prior to the enactment of Section 7 has been restored and that the same sound reasons expounded by our Supreme Court in *Pennsylvania Crime Commission Subpoena* to support its holding there, are applicable to the subpoenas now before us.

The Corporations will have ample opportunity to contest the validity of the subpoenas during the enforcement proceeding now before this Court. This proceeding will provide a full, complete and adequate remedy at law for the Corporations. We hold, therefore, that this Court lacks jurisdiction to grant the relief sought by the Corporations in their petition for review. The Commission's preliminary objection is sustained.[5]

### ORDER

The preliminary objections of John Doe Corporations A, B, C, D and E to the petitions for enforce-

---

[5] The Commission also raised other preliminary objections. In light of our decision here, it is not necessary to decide these other issues.

ment at Nos. 3470, 3471, 3472, 3473, 3474 C.D. 1983 are hereby overruled. The Corporations shall have thirty days from the date of this order to file answers to said petitions.

The preliminary objections of the Pennsylvania Crime Commission to the petition for review filed at No. 3178 C.D. 1983 are hereby sustained and the petition for review is dismissed.

---

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I respectfully dissent to that part of the majority opinion which holds that the Commission is empowered to seek a court hearing on the merits of the subpoenas by way of a petition for enforcement.

The issue is whether an administrative agency may create for itself enforcement procedures that are not specifically provided by statute.

The Crime Commission is asking this Court to rewrite the 1978 legislation and return to past enforcement procedures. A change of language in a statute indicates a change of legislative intent. *Masland v. Bachman*, 473 Pa. 280, 289, 374 A.2d 517, 521 (1977). It is too sweeping for us to hold that the enforcement procedure found in Section 7 of the Pennsylvania Crime Commission Act is severable from the power to issue subpoenas in Section 4(7) of the Act. These two sections must be read together, and this Court should not rely on the Administrative Code for the method of enforcement which is granted generally to administrative agencies.

The Commission concedes that the Act is unconstitutional in not satisfying due process requirements because it fails to provide an intermediate court hearing on the substance of the subpoenas. To declare the Act unconstitutional does not permit the Commission

to return to rejected enforcement procedures. These issues are uniquely reserved for our legislature. It is the legislature that should make basic decisions whether to alter the statute, not the Commission.

This Court may not, under its powers of construction, supply omissions to the express language of a statute especially where it appears that the matter may have been intentionally omitted. *Commonwealth ex rel. Cartwright v. Cartwright,* 350 Pa. 638, 645, 40 A.2d 30, 33 (1944).

The Crime Commission cannot create for itself a power which was not bestowed upon it. Because this is a flagrant attempt by an administrative agency to circumvent legislative intent, I would grant the Corporations' preliminary objections in the nature of a demurrer.