523 A.2d 424

Catherine Wells *v.* Southeastern Pennsylvania Transportation Authority and City of Philadelphia and Commonwealth of Pennsylvania. Southeastern Pennsylvania Transportation Authority, Appellant.

116

Argued February 25, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Stephen Dittmann,* with him, *Norman Hegge, Jr.,* for appellant.

*Barbara R. Axelrod,* Divisional Deputy in Charge of Appeals, with her, *Norma S. Weaver,* Deputy in Charge of Claims and *Handsel B. Minyard,* City Solicitor, for appellee, City of Philadelphia.

*J. Matthew Wolfe,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for appellee, Commonwealth of Pennsylvania.

OPINION BY JUDGE MACPHAIL, March 31, 1987:
Southeastern Pennsylvania Transportation Authority (SEPTA) appeals here from an order of the Court of

Common Pleas of Philadelphia County which sustained the preliminary objections of the City of Philadelphia (City) to the third party complaint filed by SEPTA against the City and dismissed that complaint. We reverse and remand.

The genesis of this case is a complaint for personal injuries filed by Catherine Wells (Plaintiff) who states that on May 28, 1984, she fell on trolley tracks located on the 4900 block of Baltimore Avenue in the City by reason of a dangerous and defective condition, "to wit: the tracks had an excessive and abnormal rise, defect, irregularity and/or incline."[1]

A copy of the Plaintiff's complaint was attached to SEPTA's complaint against the City. In addition, SEPTA averred that the City was in possession and control of the location of the hazardous condition and permitted the hazardous and dangerous condition at that location to exist.

The City's preliminary objections are quite extensive but fail to state into what category they fall under Pa. R.C.P. No. 1017(b). The trial court treated them simply as "objections" and dismissed SEPTA's complaint "since liability rests squarely on SEPTA's shoulders for defective rails pursuant to the 1968 Agreement and Lease between itself and the City of Philadelphia."[2] We believe the City intended its preliminary objections to be in the nature of a demurrer and that the trial court so treated them.

It is fundamental in our law that a demurrer cannot be sustained unless it is clear on the *face of the pleading*

---

[1] Paragraph 5 of the complaint of Catherine Wells v. Southeastern Pennsylvania Transportation Authority.

[2] The trial court deemed it unnecessary to treat the City's claim of immunity under the provisions of Sections 8541 and 8542 of the Judicial Code, 42 Pa. C. S. §§8541-8542 relating to governmental immunity.

that the claimant cannot prevail and that the law will not permit the recovery sought therein; further, a demurrer, of course, admits all the well-pleaded facts in the challenged pleading and the reasonable inferences deducible therefrom. *John Doe Corp. v. Pennsylvania Crime Commission,* 84 Pa. Commonwealth Ct. 234, 479 A.2d 655 (1984). Clearly, both we and the trial court are limited here to a consideration of the allegations in the Plaintiff's complaint against SEPTA and the allegations in SEPTA's complaint against the City.

There is no reference in either of those pleadings to the "Agreement and Lease" allegedly entered into between SEPTA and the City in 1968 and relied upon by the trial court in reaching its decision. That document first surfaces in the City's preliminary objections. Our law is to the effect that a demurrer cannot aver the existence of any facts not apparent from the face of the challenged pleading. *Hall v. Goodman Co.,* 310 Pa. Superior Ct. 465, 456 A.2d 1029 (1983). For many years, Pennsylvania courts have not countenanced "speaking demurrers." *Linda Coal & Supply Co. v. Tasa Coal Co.,* 416 Pa. 97, 204 A.2d 451 (1964).

Restricting ourselves then, as we must, to a consideration of the allegations in the *complaint* now before us,[3] we observe again that the cause of the Plaintiff's fall

---

[3] We granted SEPTA's application to advance argument in this matter because SEPTA alleged that the resolution of other pending cases would be expedited by our determination of the issues in this case. As will appear from this opinion, we, regrettably, cannot reach those issues in the present posture of this case.

As we have noted, the City attached a copy of the 1968 Agreement and Lease to its preliminary objections. SEPTA filed an answer to the preliminary objections attaching a copy of a 1907 Agreement and Lease and copies of letters relative to the matter at issue. None of these matters were properly before the trial court in its consideration of a demurrer.

We considered the possibility of regarding the trial court's action in the case as granting a motion for judgment on the pleadings

is alleged to be the abnormal rise, defect, irregularity and/or incline of the trolley tracks. SEPTA avers not only that the City was in possession of the location (a public street) where the accident occurred but that the City was or should have been aware of the hazardous condition and nevertheless permitted that condition to exist.

We conclude that accepting all of the factual allegations set forth in the complaint as true, solely for the purpose of determining whether a cause of action has been stated, the trial court erred in dismissing the complaint against the City at this stage of the pleadings.

As we have previously noted, the trial court did not address the issue of the City's immunity, also raised in the City's preliminary objections. Governmental immunity should be raised in a responsive pleading under new matter. Pa. R.C.P. No. 1030. This Court, however, has recognized that where the immunity defense is apparent on the face of the pleading being challenged, the trial court may rule on preliminary objections which raise the defense unless additional preliminary objections are filed by an opposing party challenging such procedure. *McCreary v. City of Philadelphia,* 95 Pa. Commonwealth Ct. 285, 505 A.2d 385 (1986); *see also* Pa. R.C.P. No. 1032. Here, SEPTA did not object to the City's improper pleading of the defense. Our examination of the averments in the only pleadings now before us reveals that the defense of governmental immunity is apparent from the face of SEPTA's third party com-

---

under Pa. R.C.P. No. 1034 but there is no indication that the pleadings are closed. We also considered treating the trial court's order as granting a motion for summary judgment under Pa. R.C.P. No. 1035 but SEPTA contends that its discovery is not complete.

Having exhausted all other alternatives we felt compelled to address the issue in the posture in which the parties gave it to us.

plaint. Its applicability to the facts of this case, therefore, must be determined.

We, accordingly, must remand this case to the trial court for its decision on the issue of governmental immunity.[4] *See Gordon v. Pulakos,* 48 Pa. Commonwealth Ct. 442, 410 A.2d 899 (1980).

ORDER

The order of the Court of Common Pleas of Philadelphia County sustaining the preliminary objections of the City of Philadelphia is reversed and the case is remanded to the trial court for further proceedings.

Jurisdiction relinquished.

---

[4] The Commonwealth of Pennsylvania was also joined by SEPTA as an additional defendant. It has filed a brief in this Court in the matter now before us as "appellee".