Richard JACOBS and Patricia Jacobs Individually and as natural parents of Erin Jacobs and Erin Jacobs, by and through her natural parents Richard Jacobs and Patricia Jacobs

v.

MERRYMEAD FARM, INC., Montgomery County Health Department, Robert Gage and Kelley Laverdure.

Appeal of Merrymead Farm, Inc.

Alexis McGoldrick, a minor, by her parents and natural guardians, Mark and Theresa McGoldrick, and Mark McGoldrick and Theresa McGoldrick, in their own right,

v.

Merrymead Farm, Inc. and Montgomery County Health Department.

Appeal of Merrymead Farm, Inc.

Richard Jacobs and Patricia Jacobs Individually and as natural parents of Erin Jacobs and Erin Jacobs, by and through her natural parents Richard Jacobs and Patricia Jacobs, Appellants,

v.

Merrymead Farm, Inc., Montgomery County Health Department, Robert Gage and Kelly Laverdure Alexis McGoldrick, a minor, by her parents and natural guardians, Mark McGoldrick and Theresa McGoldrick, and Mark McGoldrick and Theresa McGoldrick, in their own right, Appellants,

v.

Merrymead Farm, Inc. and Montgomery County Health Department.

Alexis McGoldrick, a minor, by her parents and natural guardians, Mark McGoldrick and Theresa McGoldrick, and Mark McGoldrick and Theresa McGoldrick, in their own right, Appellants,

v.

Merrymead Farm, Inc. and
Montgomery County
Health Department.

Richard Jacobs and Patricia Jacobs, Individually and as natural parents of Erin Jacobs and Erin Jacobs, by and through her natural parents Richard Jacobs and Patricia Jacobs, Appellants,

Merrymead Farm, Inc., Montgomery
County Health Department, Robert
Gage and Kelly Laverdure.

Commonwealth Court of Pennsylvania.

Argued March 12, 2002.
Decided June 7, 2002.

David E. Sternberg, Philadelphia, for appellant.

Stephen M. Gorney, Leawood, KS, for appellee.

Richard W. Yost, Philadelphia, for appellee, Montgomery Cnty. Health Dept.

Victor M. Verbeke, Norristown, for appellee, Merrymead Farm, Inc.

BEFORE: PELLEGRINI, J., SIMPSON, J., and JIULIANTE, Senior Judge.

OPINION BY Judge SIMPSON.

These civil actions were brought on behalf of Erin Jacobs, a minor, by her parents Richard and Patricia Jacobs (the Jacobs), and Alexis McGoldrick, a minor, by her parents Mark and Theresa McGoldrick (the McGoldricks) against Merrymead Farm and the Montgomery County Health Department (the Health Department) for injuries suffered due to alleged exposure to E-coli bacteria. The McGoldricks, the Jacobs and Merrymead Farm challenge the orders of the Court of Common Pleas of Montgomery County (trial court) that sustained the preliminary objections of the Health Department and dismissed it as a defendant in these cases.[1] Among the issues raised by the parties, we are asked to consider whether the trial court erred by sustaining the Health Department's preliminary objections based upon the defense of immunity. For the reasons set forth below, we reverse the trial court's orders sustaining the preliminary objections.

Merrymead Farm is a family owned and operated dairy farm, store and petting zoo located in Lansdale, Montgomery County, Pennsylvania. Minors Jacobs and McGoldrick visited the farm as paying visitors on October 15 and October 22, 2000, respectively, during the farm's Fall Festival.

The children came in contact with farm animals, specifically cows and calves, and were exposed to E-coli.

The Jacobs and the McGoldricks separately filed civil actions against both Merrymead Farm and the Health Department. They alleged that E-coli was present at Merrymead Farm, that the Health Department knew E-coli was present, and that others had been infected prior to the minors' visits there. They also alleged that the Health Department failed to warn them that E-coli was present at Merrymead Farm and that the Health Department failed to isolate, quarantine or take other control measures concerning the animals at Merrymead Farm. They further averred that the Health Department exercised and had requisite care, custody or control of Merrymead Farm's animals and real property.

The Health Department filed preliminary objections in the nature of a demurrer to the amended complaints alleging that it was immune from liability under the doctrine of governmental immunity pursuant to the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541–8542[2]. Merrymead Farm joined the Jacobs and the McGoldricks in filing preliminary objections to the Health Department's immunity defense. By separate orders dated July 12, 2001, the trial court dismissed the Health Department in both cases.[3]

1. Docket Nos. 2008 C.D. 2001, 2009 C.D. 2001, 2069 C.D. 2001 and 2070 C.D. 2001 were consolidated by order of this Court dated September 19, 2001. Docket No. 2440 C.D. 2001 was transferred from Superior Court by order of that court dated September 13, 2001 and consolidated with the previously consolidated four by order dated November 20, 2001. Docket No. 101 C.D. 2002 was consolidated with the other appeals by order of this Court dated January 22, 2002. All six cases were argued together on March 12, 2002.

2. It is noted that the parties refer to these sections as the Political Subdivision Tort Claims Act (PSTCA), a title that is still somewhat used, although the Act itself has been repealed. It is assumed, therefore, that the references are to those sections of the Judicial Code.

3. On July 23, 2001, Merrymead Farm filed in both cases a motion for reconsideration and a petition for determination of finality pursuant to Pa. R.A.P. 341(c). The basis for the motions for reconsideration was new evidence that was obtained on July 19, 2001, which

■ Our review of a trial court's order sustaining preliminary objections in the nature of a demurrer is to determine whether the trial court abused its discretion or committed an error of law. *Altoona Housing Authority v. City of Altoona*, 785 A.2d 1047 (Pa.Cmwlth.2001). Preliminary objections in the nature of a demurrer should be sustained only where the pleadings are clearly insufficient to establish a right to relief. Any doubt must be resolved in favor of overruling the demurrer. *Gaster v. Township of Nether Providence*, 124 Pa.Cmwlth. 595, 556 A.2d 947 (1989).

■ Immunity from suit is an affirmative defense that, under the Pennsylvania Rules of Civil Procedure, must be pled in a responsive pleading under the heading new matter, not as a preliminary objection. In pertinent part, Rule 1030 provides as follows:

> (a) Except as provided by subdivision (b), all affirmative defenses including but not limited to the defenses of . . . immunity from suit . . . shall be pleaded in a responsive pleading under the heading "New Matter". A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.

An affirmative defense, by definition, raises new facts and arguments that, if true, will defeat a plaintiff's claim, even if all allegations contained in the complaint are true. Black's Law Dictionary 430 (7th ed.1999). By providing that affirmative defenses be pled under the heading "new matter" in a responsive pleading, the rules have provided predictability and have promoted the orderly practice of pleading. Plaintiffs are provided an opportunity to respond to the new facts raised by the new matter.

We recognize that courts have permitted limited exception to this rule and have allowed parties to plead the affirmative defense of immunity as a preliminary objection. *Tiedeman v. Philadelphia*, 732 A.2d 696 (Pa.Cmwlth.1999); *Chester Upland School District v. Yesavage*, 653 A.2d 1319 (Pa.Cmwlth.1994). The affirmative defense, however, must be clearly applicable on the face of the complaint. Where the plaintiff does not object to the improper procedure, lower courts have ruled on the affirmative defense of immunity raised by preliminary objections.

Here, the Jacobs, the McGoldricks and Merrymead Farm filed preliminary objections to the Health Department's preliminary objection raising immunity. Therefore, they did not waive the Health Department's procedural defect. Pa. R.C.P. No. 1032. Further, the Health Department's preliminary objection in the nature of a demurrer rises to the level of an improper speaking demurrer which must be rejected. *Martin v. Department of Transportation*, 124 Pa.Cmwlth. 625, 556 A.2d 969 (1989). The objection assumes facts not appearing in the pleading to which it responds. The trial court erred in considering and ruling upon the merits of the Health Department's preliminary objections.

Permitting affirmative defenses to be raised by preliminary objections occasionally permits expeditious resolution of a

---

consisted of two memoranda prepared by the Health Department medical doctors on September 27, 2000 and September 28, 2000 directing certain action be taken by the Health Department. As part of its motion for reconsideration, Merrymead Farm requested the opportunity to take discovery of Health Department personnel to develop additional facts concerning the Health Department's knowledge of the E-coli outbreak and the actions it took concerning the outbreak. On August 6, 2001, the trial court denied the motions for reconsideration and granted the petitions for finality.

dispositive issue; however, it carries broad unsettling potential. The lack of predictability arising from sporadic affirmative defense demurrers falls primarily on plaintiffs. Plaintiffs are uncertain whether they must anticipate affirmative defenses in the complaint or whether they may rely on existing procedural rules in crafting their pleadings. Therefore, it is prudent to respect plaintiffs' objections to a departure from existing rules for raising affirmative defenses.

The orders of the trial are reversed and the matters are remanded with directions.

### *ORDER*

AND NOW, this 7th day of June, 2002, the orders of the Court of Common Pleas of Montgomery County (trial court) sustaining the preliminary objections of the Montgomery County Health Department are reversed. The matters are remanded to the trial court and the Montgomery County Health Department is directed to file answers within 20 days of the date of this order in accordance with the Pennsylvania Rules of Civil Procedure.

Jurisdiction relinquished.