**Charles L. BEAVER and Debra J. Beaver, h/w, Appellants,**

v.

**COATESVILLE AREA SCHOOL DISTRICT.**

Commonwealth Court of Pennsylvania.

Argued March 1, 2004.

Decided March 26, 2004.

Michael O'Hayer, West Chester, for appellant.

John M. Donahue, Philadelphia, for appellee.

BEFORE: McGINLEY, J., LEAVITT, J., and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Charles L. Beaver (Appellant) and Debra J. Beaver (collectively Appellants) appeal from an order of the Court of Common Pleas of Chester County (trial court) sustaining the preliminary objections, in the nature of a demurrer, of Coatesville Area School District (District). We reverse and remand.

Appellants filed a complaint against the District alleging damages due to injuries sustained in a fall and for loss of consortium. Appellants stated in the complaint that the District hired York International, Inc., (York) to improve the heating, ventilation and air conditioning systems in the Coatesville Area Senior High School (School). Appellant was a field service

engineer with York and was assigned to perform services at the School at the request of the District.

Appellant claimed that while at the School, an employee of the District's maintenance staff led him up a ladder along the maintenance walkway to a metal electrical box. The employee requested that Appellant determine whether certain wires might be located in the box. In order to access the control panel, the employee told Appellant to climb over or under a steel beam and continue along the permanently affixed maintenance walkway. Appellant alleged that he climbed under the steel beam and attempted to walk toward the electrical box; however, he "fell or stepped into an area which was not sufficiently strong to support his weight," causing him to fall through the ceiling to the auditorium seats approximately twenty-three feet below. (R.R., Complaint at 10a).

Appellants alleged that the negligence, carelessness and recklessness of the District caused the accident where it allowed an unguarded fall hazard to exist near an affixed walking work surface, failed to provide adequate lighting, directed Appellant to encounter an unguarded fall hazard, failed to warn of the existence of the unguarded fall hazard, failed to erect a railing, failed to mark the existence of the unguarded fall hazard and "[c]aus[ed] or allow[ed] to exist an unguarded fall hazard that, under the lighting and work conditions there presented, appeared to be of sufficient strength to support [Appellant's] weight." (R.R., Complaint at 11a).

The District responded by filing preliminary objections to the complaint. The District alleged that Appellant was an employee of an independent contractor and that the District had no duty to warn an employee of an independent contractor of a condition that was at least as obvious to the employee as it was to the District.

Appellants responded to the preliminary objections by asserting that the complaint did not state that Appellant was an employee of an independent contractor and that the District could not raise the allegation that Appellant was an employee of an independent contractor in a demurrer. Appellants further alleged that even if Appellant was an employee of an independent contractor, the District still owed him some duty of care and that the trial court could not determine, at such a preliminary stage of the proceedings, that the dangerous condition was as obvious to Appellant as it was to the District.

The trial court sustained the preliminary objections of the District and dismissed the complaint. In its opinion, the trial court concluded that Appellant was an employee of an independent contractor and that the District owed no duty to Appellant because the dangerous condition of the "catwalk" was equally as obvious to the Appellant as it was to the District. (R.R., trial court opinion at 59a).

Appellants have now appealed the trial court's order to this Court and raise the following objections to the ruling by the trial court: (1) whether it was error for the trial court to conclude that Appellant was an employee of an independent contractor; and (2) whether it was error for the trial court to conclude that no duty was owed to an employee of an independent contractor because the alleged defect was as least as obvious to Appellant as to the District.

 When reviewing a trial court order sustaining preliminary objections in the nature of a demurrer, we must determine whether the trial court abused its discretion or committed an error of law. *Jacobs v. Merrymead Farm., Inc.*, 799 A.2d 980 (Pa.Cmwlth.2002). "Preliminary objections in the nature of a demurrer

should be sustained only where the pleadings are clearly insufficient to establish a right to relief. Any doubt must be resolved in favor of overruling the demurrer." *Jacobs*, 799 A.2d at 983.

■ Appellants first argue that the complaint does not allege that Appellant was an employee of an independent contractor; therefore, the District's allegation that Appellant was an "employee of an independent contractor" constituted an improper speaking demurrer.

■ "This court has held that a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading." *Martin v. Department of Transportation*, 124 Pa.Cmwlth. 625, 556 A.2d 969, 971 (1989). Accordingly, both this Court and the trial court are limited to consideration of the allegations as set forth in the complaint when considering a demurrer. *See Wells v. Southeastern Pennsylvania Transportation Authority*, 105 Pa.Cmwlth. 115, 523 A.2d 424 (1987). "For many years, Pennsylvania Courts have not countenanced 'speaking demurrers.'" *Wells*, 523 A.2d at 426.

The facts, as set forth in the complaint, allege that the District hired York to provide it with improvement, renovation, consultation and maintenance services. (R.R. at 8a–9a). It is further alleged that Appellant was employed as a field service engineer with York. (R.R. at 9a). The status of York as an employee or as an independent contractor is not averred.

■ In order to determine whether one is an employee or an independent contractor, the following factors are to be considered:

Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; whether work is part of the regular business of the employer, and also the right to terminate the employment at any time.

*Helsel v. Complete Care Services, L.P.*, 797 A.2d 1051, 1055 (Pa.Cmwlth.2002).

As none of the above factual considerations is alleged in the complaint, it was mere speculation on the part of the trial court to conclude that York is an independent contractor. It was not proper for the trial court to make a determination regarding Appellant's employment status based solely on facts that appeared in the complaint. Consequently, because the preliminary objections of the District assumed facts not appearing in the complaint, we believe it constituted an improper speaking demurrer and conclude that the trial court erred in considering and ruling upon the merits of the preliminary objections.

■ Appellants' second allegation is that the trial court further erred in sustaining the preliminary objections based on a finding that the dangerous condition that caused the fall was equally as obvious to Appellant as it was to the District. The trial court determined that because Appellant was an employee of an independent contractor, the District had no duty to warn of a condition that was at least as obvious to the District as it was to the Appellant. As we stated above, we agree with Appellants that the facts as set forth in the complaint do not establish that Appellant was an employee of an independent contractor. Nevertheless, assuming, *arguendo*, that Appellant *was* an employee of an independent contractor, the facts as stated in the complaint do not establish that the dangerous condition was equally

as obvious to the Appellant as it was to the District.

■ Generally, "the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants." *Donnelly v. Southeastern Pennsylvania Transportation Authority,* 708 A.2d 145, 148 (Pa.Cmwlth.1998). However, there is an exception to this general rule where the work involves a "special danger" or "peculiar risk." *Id.*

■ The work involves a special danger or a peculiar risk when:

> (1) the risk is foreseeable to the employer of the independent contractor at the time the contract is executed, i.e., a reasonable person in the position of the employer would foresee the risk and recognize the need to take special measures; and (2) the risk is different from the usual and ordinary risk associated with the general type of work done, i.e., the specific project or task chosen by the employer involves circumstances that are substantially out-of-the-ordinary.

*Donnelly,* 708 A.2d at 148. Based on the facts alleged in the complaint, it would not be possible at this preliminary stage of the proceedings to determine that a special danger or a peculiar risk exception applies in the instant action. Appellant characterized his position as a field service engineer. Without knowledge of the ordinary work done by a field service engineer, it would not be possible to conclude whether the task he was performing when the accident occurred involved circumstances that were out-of-the-ordinary. Also, the trial court was without any knowledge as to what the District knew or did not know regarding the walkway. As such, the foreseeability of the risk could not be determined.

Additionally, the District, as a landowner, "owes a duty to warn an unknowing independent contractor of existing dangerous conditions on the landowner's premises where such conditions are known or discoverable to the owner.'" *Gutteridge v. A.P. Green Services, Inc.,* 804 A.2d 643, 657 (Pa.Super.2002), *petition for allowance of appeal denied,* 574 Pa. 748, 829 A.2d 1158 (2003).

The duty of a landowner has most recently been discussed by the Superior Court as follows:

> [T]he employer of an independent contractor has no duty to warn either the contractor or his employees of a condition that is at least as obvious to them as it is to him. The question of whether a landowner owes a duty to warn an independent contractor of dangerous conditions on the premises turns on whether the owner possesses 'superior knowledge' or information which places him in a better position to appreciate the risk posed to the contractor or his employees by the dangerous conditions.

*Gutteridge,* 804 A.2d at 657–58.

Appellants alleged in the complaint that the negligence, carelessness and recklessness of the District caused the accident where it allowed an unguarded fall hazard to exist near an affixed walking work surface, it failed to provide adequate lighting, it directed Appellant to encounter an unguarded fall hazard, it failed to warn of the existence of the unguarded fall hazard, it failed to erect a railing, it failed to mark the existence of the unguarded fall hazard and by "[c]ausing or allowing to exist an unguarded fall hazard that, under the lighting and work conditions there presented, appeared to be of sufficient strength to support [Appellant's] weight." (R.R., Complaint at 11a).

Appellant alleged that the area at issue appeared to him to be of sufficient

strength to support his weight, but that it did not support his weight. This not only raises a question of whether or not the alleged dangerous condition was obvious to Appellant, but also raises the issue of whether or not the District may have been in a better position than Appellant to appreciate the risk.

As such, we agree with Appellants that even if Appellant was an employee of an independent contractor, based on the limited facts given in the complaint, it was impossible to determine whether or not the alleged dangerous condition was as equally obvious to Appellant as to the District. Thus, the trial court erred in making such a determination.

In its preliminary objections, the District also argued that the complaint failed to set forth a cause of action which fell into one of the exceptions to governmental immunity as set forth at 42 Pa.C.S. § 8542. Because the trial court sustained the preliminary objections based on the finding that the District did not owe a duty to Appellants, the trial court determined that it did not need to decide whether or not governmental immunity applied. Normally, we would now remand the action to the trial court for it to consider the unresolved preliminary objection; however, such an action is not necessary in this particular case.

Governmental immunity is an affirmative defensive which is required to be pleaded as new matter. Pa. R.C.P. No. 1030(a). This Court has allowed the immunity defense to be considered by way of preliminary objections where the challenge is apparent on the face of the pleading and where the opposing party has not challenged the procedure. *Wells*, 523 A.2d at 426. However, we have not allowed the immunity defense to be considered by way of preliminary objections where the opposing party has objected. *Jacobs*. In *Jacobs*, we explained as follows:

> Permitting affirmative defenses to be raised by preliminary objections occasionally permits expeditious resolution of a dispositive issue; however, it carries broad unsettling potential. The lack of predictability arising from sporadic affirmative defense demurrers falls primarily on plaintiffs. Plaintiffs are uncertain whether they must anticipate affirmative defenses in the complaint or whether they may rely on existing procedural rules in crafting their pleadings. Therefore, it is prudent to respect plaintiffs' objections to a departure from existing rules for raising affirmative defenses.

*Jacobs*, 799 A.2d at 983–84.

Appellants did object to the District raising the governmental immunity defense by way of preliminary objections. (R.R. at 54a). As such, we conclude that this case need not be remanded to the trial court to consider the unaddressed preliminary objection concerning governmental immunity.

Accordingly, we reverse the order of the trial court sustaining the preliminary objections of the District. The complaint is hereby ordered reinstated and the matter is remanded to the trial court with direction that the District file an answer to the complaint within twenty days of the date of this order in accordance with the Pa. R.C.P. No. 1026.[1]

### ORDER

AND NOW, this 26th day of March, 2004, the order of the Court of Common Pleas of Chester County sustaining the preliminary objections of the Coatesville

---

1. Nothing in this order should be construed as prohibiting the District from raising the issue of governmental immunity by way of new matter.

Area School District (District) is reversed. The complaint is hereby ordered reinstated and the matter is remanded to the trial court with the direction that the District file an answer to the complaint within twenty days of the date of this order in accordance with the Pa. R.C.P. No. 1026.

Jurisdiction relinquished.