**C. Robert DADDS, Appellant**

v.

**Bryan D. WALTERS.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 9, 2007.

Decided May 29, 2007.

---

C. Robert Dadds, appellant, pro se.

Thomas L. Whiteman, West Chester, for appellee.

BEFORE: SMITH–RIBNER, Judge, FRIEDMAN, Judge, FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

C. Robert Dadds (Dadds) appeals, *pro se*, from a decision of the Chester County Common Pleas Court (trial court) which sustained Chester County Prothonotary Bryan D. Walters' (Prothonotary) preliminary objections and dismissed Dadds' petition for declaratory judgment with prejudice. We affirm.

In 2001 and 2003, the Internal Revenue Service (IRS) filed three Notices of Federal Tax Liens (Notices) with Prothonotary against property owned by Dadds. On December 23, 2005, Dadds filed a "Petition for Declaratory Judgment and Demand for Relief" with the trial court. In that petition, Dadds requested the trial court to expunge the Notices from the record due to the fact that they did not meet the requirements of 42 Pa.C.S. § 1516.[1]

On February 16, 2006, Prothonotary filed preliminary objections to Dadds' petition, raising the following three objections: (1) failure to conform to law or rule of

---

1. 42 Pa.C.S. § 1516, states as follows:

A judgment of a **district justice** shall not operate as a lien on real property until a transcript of the record showing a final judgment of a *district justice* has been filed in the manner prescribed by general rules in the office of the clerk of the court of common pleas of the county where the property is situated, or in the office of the clerk of the branch of the court of common pleas embracing such county. After such entry the judgment shall, from the date of such entry, be a lien upon real property to the same extent that judgment recovered in the court of common pleas is a lien. No such transcript shall be filed until after 30 days after the entry of final judgment by the district justice. No execution against real estate shall be issued by a district justice. (emphasis added).
We note that this section applies to judgments of district justices, not to federal tax liens.

court pursuant to Pa. R.C.P. No. 1028(a)(1) in that Dadds filed the action solely as a "Petition For Declaratory Relief" and in so doing, failed to conform to the requirements of Pa. R.C.P. No. 1601(a) which requires a plaintiff seeking only declaratory relief to commence the action by filing a complaint entitled "Action For Declaratory Judgment"; (2) failure to join a necessary party pursuant to Pa. R.C.P. No. 1028(a)(5) in that Dadds failed to join the Federal government/IRS; and a(3) demurrer for failure to state a cause of action pursuant to Pa. R.C.P. No. 1028(a)(4) in that Dadds' claim should have been against the party who filed the Notices, the Federal government/IRS, not the prothonotary who merely accepted the filings, that Prothonotary was acting within the confines of the Uniform Federal Lien Registration Act (Lien Act), Act of December 7, 1989, P.L. 608, *as amended*, 74 P.S. § 157–1–157–8 and Pa. R.C.P. No. 236 when he filed the Notices, and that 42 Pa.C.S. § 1516 has no relevance to Prothonotary and fails to impose any liability upon him. Thus, Prothonotary contended that the petition would be legally insufficient to state a cause of action against.

Dadds responded to Prothonotary's preliminary objections by filing a motion for summary judgment and demand for relief on March 7, 2006, followed by a motion for default judgment on May 24, 2006, alleging that Prothonotary's preliminary objections were untimely filed.

The trial court determined that the docket does "not indicate when or if the Petition [for declaratory judgment and demand for relief] was served on [Prothonotary]", sustained Prothonotary's preliminary objections and dismissed Dadds' petition with prejudice. Trial Court Opinion, November 2, 2006, at 2. Dadds, thereafter, appealed to the Superior Court which transferred the matter to our Court.

Before our Court, Dadds essentially contends that the trial court erred in sustaining Prothonotary's preliminary objections and dismissing Dadds' petition, as Prothonotary's preliminary objections were untimely and without merit.

 Our scope of review of an appeal from an order sustaining preliminary objections and dismissing a complaint is to determine whether the trial court committed legal error. *In re Estate of Bartol*, 846 A.2d 209, 213 (Pa.Cmwlth.2004). When considering preliminary objections, we must accept as true all well-pled facts set forth in the complaint, as well as all inferences reasonably deducible therefrom, but not conclusions of law. *Id.* Preliminary objections in the nature of a demurrer should be sustained only where the pleadings are clearly insufficient to establish a right to relief and any doubt must be resolved in favor of overruling the demurrer. *Jacobs v. Merrymead Farm, Inc.*, 799 A.2d 980, 983 (Pa.Cmwlth.2002).

■ A review of the record reveals that Dadds did not file a certificate of service filed with his petition for declaratory judgment on December 23, 2005. However, a summons was later served upon Prothonotary. The summons that Dadds served upon Prothonotary stated that he had "30 days from the date you received this summons, not counting the date you received it" to file a written answer or motion. However, this summons was not dated. On February 14, 2006, Prothonotary filed preliminary objections, 53 days after Dadds filed the petition, but an unknown number of days after receiving the notification by summons. Thus, we, like the trial court, are unable to state that the preliminary objections were untimely. Therefore, we find that the trial court was

correct in determining that the preliminary objections were timely.

We must now address whether the trial court erred in sustaining Prothonotary's preliminary objections and dismissing Dadds' petition. Prothonotary contends that Dadds failed to join an essential party to the action, the Federal government/IRS, pursuant to Pa. R.C.P. No. 1028(a)(5).[2] Section 6321 of Title 26 of the Internal Revenue Code provides as follows:

Lien for taxes. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321. Section 6322 further provides as follows:

Period of lien. Unless another date is specifically fixed by law, the lien imposed by section 6321 [26 USCS § 6321] shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising

out of such liability) is satisfied or becomes unenforceable by reason of lapse of time.

26 U.S.C. § 6322. Additionally, 26 U.S.C. § 6323(f)(2) states that the Notices are to be filed in the State or county where the property is located.[3] The Notices were presented by the Federal government/IRS to Prothonotary for filing, as Dadds' property was located in Chester County. Prothonotary properly filed the Notices presented by the IRS, pursuant to the powers and duties of the prothonotary pursuant to 42 Pa.C.S. § 2737 and the Lien Act.[4]

First, as Section 2 of the Lien Act states, the Lien Act applies only to Federal tax liens. 74 P.S. § 157–2. It also states at Section 3 that "Notices of liens ... must be filed in accordance with this act" and further provides in pertinent part as follows:

(b) Liens on real property. Notices of liens upon real property for obligations payable to the United States and certificates and notices affecting the liens shall be filed in the office of the prothonotary of the county in which the real property subject to the liens is situated.

74 P.S. § 157–3. Section 4 of the Lien Act also provides that:

[c]ertification of notices of liens ... by the Secretary of the Treasury of the

2. Pa. R.C.P. No. 1028(a)(5) provides that preliminary objections may be filed for "lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action."

3. Dadds contends that he is required to receive notice and to have an opportunity to be heard under 26 U.S.C. § 6320(a). However, this section does not refer to his right to notice but refers to the validity and priority of the Federal government's lien against "purchasers, holders of security interests, mechanic's lienors and judgment lien creditors".

4. The Prothonotary's duties are set forth in 42 Pa.C.S. § 2737 in pertinent part as follows:

The office of the prothonotary shall have the power and duty to:
* * *
(3) Enter all civil judgments, including judgments by confession.
* * *
(6) Exercise such other powers and perform such other duties as may now or hereafter be vested in or imposed upon the office by law, home rule charter, order or rule of court, or ordinance of a county governed by a home rule charter or optional plan of government.

United States, or his delegate, or by any official or entity of the Untied States responsible for filing or certifying of notice of any other lien, entitles them to be filed, and no other attestation, certification or acknowledgment is necessary.

74 P.S. § 157–4. Section 5 of the Lien Act also sets forth the duties of the prothonotary, stating that he must endorse, time stamp, date and file the Notice once it is presented to him. 74 P.S. § 157–5. Thus, Prothonotary was required by the Lien Act to accept and file the Notice once it was presented to him by the Federal government/IRS.

■ Dadds' claims that Prothonotary action in filing the Notices makes him responsible for the content therein. We disagree. As Dadds has questioned the "constitutionality and legality" of the Notices, the party who prepared such Notices would be an indispensable party. The Federal government/IRS prepared the Notices and is the owner of the liens. The trial court was correct in determining that the Federal government/IRS, as the preparer and owner of the liens, was an indispensable party to this action and that Dadds' erred in bringing this action against only Prothonotary and not including the Federal government/IRS.

Prothonotary also contends that Dadds failed to state a cause of action against Prothonotary pursuant to Pa. R.C.P. No. 1028(a)(4).[5] Specifically, Prothonotary contends that the statute that Dadds cites, 42 Pa.C.S. § 1516, has no relevance to Prothonotary and fails to provide any liability on the part of Prothonotary to Dadds and that the Notices were filed by the

Federal government/IRS, making it responsible for the content and not Prothonotary, who merely accepted such filings pursuant to the Lien Act.

■ The trial court was correct in determining that 42 Pa.C.S. § 1516 has no relevance to Prothonotary and fails to provide any liability to Dadds on the part of Prothonotary. As stated previously, 42 Pa.C.S. § 1516 refers to when a judgment of a district justice can operate as a lien on real property. It does not refer to a federal tax lien imposed by the Federal government/IRS. Therefore, Dadds failed to support his claim against Prothonotary that "the office of the Prothonotary ... has recorded the said instrument into the public records without the required court order to satisfy due process of law and in violation of the requirements set forth in Pennsylvania Statutes 42 Pa. Section 1516...." As such, we conclude that the trial court was correct in determining that 42 Pa.C.S. § 1516 is not relevant to this proceeding and Dadds, thereby, failed to state a cause of action against Prothonotary.

Accordingly, we must affirm the decision of the trial court.[6]

### ORDER

AND NOW, this 29th day of May, 2007, the order of the Chester County Common Pleas Court in the above-captioned matter is affirmed.

---

**5.** Pa. R.C.P. No. 1028(a)(4) provides that preliminary objections may be filed for "legal insufficiency of a pleading (demurrer)."

**6.** In view of our decision, it is unnecessary to decide the issue of whether the Petition for

Declaratory Judgment and Demand for Relief, while not labeled as a complaint, was sufficiently pled to be the equivalent of a complaint.