Sidney Martin,                          :
            Appellant               :
                                :   No.  74 C.D. 2018
            v.                      :
                                :   Submitted:  June 22, 2018
Michael Clark                           :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                       FILED:  July 27, 2018

Sidney Martin (Martin) appeals, *pro se*, from the October 16, 2017 order of the Court of Common Pleas of Erie County (trial court), which dismissed his complaint against Michael Clark seeking a writ of replevin for return of personal property that Martin asserts was taken from his prison cell after he was transferred to the Restrictive Housing Unit (RHU).

On May 12, 2017, Martin, an inmate at the State Correctional Institution at Albion (SCI-Albion), commenced this civil action against Michael Clark, the Superintendent of SCI-Albion (Superintendent).  The material factual averments in the complaint read as follows:

> 6.     On August 4, [2016], [Martin] was brought to the [RHU] by Security.

7. On August 11, 2016, [Martin's] property was inventoried and the [property] items were not present.

8. [Martin] wrote the Captain of Security concerning his property and was told the items were not down there [i.e., the inventory room].

9. Security were the ones who packed [Martin's] property and now it's gone.

(Trial court op. at 3; Complaint, ¶¶6-9.)

In his complaint, Martin asserts that over $650.00 worth of various, personal items were taken and detained without legal justification, and he requests an order that these items be returned to his possession. (Complaint, Ex. A.)

In response to the complaint, the Superintendent filed preliminary objections based upon sovereign immunity, official immunity, and failure to state a claim.

On October 16, 2017, the trial court dismissed the complaint on multiple grounds. Specifically, the trial court determined that the averments in the complaint failed to demonstrate that the Superintendent had any personal involvement with the alleged wrongdoing. The trial court also concluded that, under *Valley Gypsum Co., Inc. v. Pennsylvania State Police*, 581 A.2d 707 (Pa. Cmwlth. 1990), an action in replevin does not fall within any exception to immunity contained in Section 8522 of the Sovereign Immunity Act (Act),[1] 42 Pa. C.S. §8522. To the extent that Martin's cause of action could be construed as sounding in negligence, and as one falling within the "care, custody, and control" exception located at Section 8522(b)(3) of the Act,[2]

_____

[1] 42 Pa C.S. §§8521-8528.

[2] Section 8522(b)(3) of the Act provides, in part, that "[t]he defense of sovereign immunity shall not be raised to claims for damages caused by . . . [t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including . . . property of persons held by a Commonwealth agency." 42 Pa. C.S. §8522(b)(3).

the trial court concluded that the complaint was devoid of any allegations that the Superintendent was personally involved or acted negligently with respect to the property. Accordingly, the trial court granted the Superintendent's preliminary objections and dismissed the complaint. (Trial court op. at 1-7.)

On appeal,[3] Martin contends that he pled viable claims against the Superintendent for replevin and negligence, both of which fit within the "care, custody, or control" exception to sovereign immunity as stated in *Williams v. Stickman*, 917 A.2d 915 (Pa. Cmwlth. 2007). Martin also describes his complaint as asserting a cognizable claim for violation of due process under section 1983 of the federal Civil Rights Act of 1871.[4]

Even if we accept these assertions as being correct on their face, Martin's claims against the Superintendent are nonetheless infirm and fail as a matter of law. As noted by the trial court, the Superintendent "is the only named defendant," and "[o]ther than his name appearing in the caption" of the complaint, there are no "factual allegations or inferences within the body of the [c]omplaint identifying why there exists a claim against the lone defendant." (Trial court op. at 7.) We agree with the trial court.

In Pennsylvania, employees of the government are liable only for their own actionable conduct and are not vicariously liable or legally responsible for the acts

---

[3] Our review of a trial court order sustaining preliminary objections is limited to considering whether the trial court committed legal error. *Dadds v. Walters*, 924 A.2d 740, 742 (Pa. Cmwlth. 2007). We must accept as true all well-pleaded facts set forth in the complaint and inferences that we may fairly deduce therefrom. *Id.*

[4] 42 U.S.C. §1983, *as amended.*

of their subordinates. *DuBree v. Commonwealth*, 393 A.2d 293, 295 (Pa. 1978);[5] *see* Section 8501 of the Judicial Code, 42 Pa.C.S. §8501. Similarly, a defendant in a section 1983 civil rights action must have a sufficient level of personal involvement in the commission of the alleged wrongs, and liability cannot be predicated on a *respondeat superior* theory. *Bush v. Veach*, 1 A.3d 981, 986 (Pa. Cmwlth. 2010).

Here, the complaint contains no allegations that the Superintendent personally engaged in—or directed the commission of any—wrongdoing or actionable conduct. Rather, as alleged in the complaint, it was the "Security" officers who took possession of Martin's personal property and mishandled and/or confiscated the items. In his brief, Martin argues that the exhibits to his complaint establish that he contacted the Superintendent about his property and the Superintendent reviewed his grievance concerning the property. However, without more, the level of participation by the Superintendent is legally insufficient to support a finding or inference that the Superintendent was so personally involved in the matter that liability may be imposed upon him. This proposition remains equally true for Martin's state law tort claims and federal civil rights claim. *See Price v. Simcox* (Pa. Cmwlth., No. 307 C.D. 2017, filed September 28, 2017) (unreported), slip op. at 8-9 (concluding that an inmate failed to state a claim against the Regional Deputy Secretary and the Superintendent for conversion of personal property where the inmate alleged that their participation consisted of merely responding to "a request regarding the confiscated books" and "his

---

[5] *Accord, e.g., Price v. Simcox* (Pa. Cmwlth., No. 307 C.D. 2017, filed September 28, 2017) (unreported), slip op. at 8-9; *Owens v. Department of Corrections* (Pa. Cmwlth., No. 2624 C.D. 2015, filed September 23, 2016) (unreported), slip op. at 8-9; *Mercaldo v. Kauffman* (Pa. Cmwlth., No. 1333 C.D. 2015, filed March 31, 2016) (unreported), slip op. at 9-10; *Fauber v. Fetterolf, Harlow & Wetzel* (Pa. Cmwlth., No. 1856 C.D. 2013, filed June 18, 2014) (unreported), slip op. at 6. Although these decisions are unreported, and therefore not binding precedent, this Court considers and cites them for their persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

4

grievance"); *Owens v. Department of Corrections* (Pa. Cmwlth., No. 2624 C.D. 2015, filed September 23, 2016) (unreported), slip op. at 8-9 ("Inmate does not allege that defendants . . . had any involvement in securing his personal property when he was transferred to the RHU or that any of these defendants handled or inspected his belongings. The only conduct of defendants . . . set forth in the complaint concerns the handling of Inmate's grievance and these individuals' role in investigating what had happened to the boots after they were lost . . . . [T]hese general allegations do not state a valid cause of action against defendants."); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (concluding that a defendant's conduct in answering or responding to an inmate's request or grievance is legally inadequate to demonstrate actual knowledge or personal liability for the alleged underlying unconstitutional conduct for purposes of section 1983). Therefore, we conclude that the trial court did not err in dismissing these claims.

Insofar as Martin characterizes his claim as one in assumpsit, such a claim also fails as a matter of law. "An action in assumpsit is a common law action in which a plaintiff claims that a defendant breached an express or implied promise to perform some act or make a payment for a plaintiff. In other words, this common law action is one that arises from a contractual arrangement." *Mercaldo v. Kauffman* (Pa. Cmwlth., No. 1333 C.D. 2015, filed March 31, 2016) (unreported), slip op. at 11 (internal citation omitted).

In *Mercaldo*, an inmate was released from the RHU and subsequently placed in a different prison cell, whereupon he discovered that personal property items were missing. The inmate filed suit and attempted to state a claim sounding in assumpsit against various defendants, including the superintendent and correctional officers. On appeal, this Court concluded that the inmate could not make out a claim

5

in assumpsit because he "pleaded no facts suggesting that an express or implied promise exists between him and the [d]efendants." *Id.* Likewise, here, Martin has failed to pled facts necessary to an action in assumpsit. Under any fair reading of the complaint, it cannot be inferred that, in exchange for consideration, the Superintendent provided an express or implied promise to Martin regarding the storage of his personal property or that Martin relied upon such a promise to his detriment. *See Pennsy Supply, Inc. v. American Ash Recycling Corp.*, 895 A.2d 595, 600-06 (Pa. Super. 2006) (discussing how an "offer" or "promise" is an essential element for a breach of contract claim or claim based on the theory of promissory estoppel).[6]

Accordingly, having determined that Martin has not pled a plausible claim upon which relief can be granted, we affirm the trial court's order dismissing his complaint.

_____
PATRICIA A. McCULLOUGH, Judge

---

[6] *See also Brown v. York County Prison* (Pa. Cmwlth. No. 590 C.D. 2016, October 16, 2017) (unreported), slip op. at 7-8 n.6 ("Even assuming, *arguendo,* that the Agreement necessarily implied that the Warden would maintain the records in accordance with these regulatory provisions, Brown would not have a valid contractual arrangement with the Warden due to lack of consideration."); *Brown v. Department of Corrections* (Pa. Cmwlth., No. 1155 C.D. 2016, filed August 8, 2017) (unreported), slip op. at 2-3 (concluding that an inmate's claims against the Department of Corrections, alleging that the Department "breached an agreement to secure his personal property when he was transferred" and "breached an agreement to return his personal property" were frivolous because the subject matter of the claims were "controlled by Department policies and procedures" and these "policies and procedures do not create a contractual relationship between the Department and an inmate.").

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sidney Martin,                                          :
                            Appellant                   :
                                                        :      No.  74 C.D. 2018
                    v.                                   :
                                                        :
Michael Clark                                           :

## *ORDER*

AND NOW, this 27th day of July, 2018, the October 16, 2017 order of the Court of Common Pleas of Erie County is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge