556 A.2d 969

Sherry Martin, Appellant *v.* Commonwealth of
Pennsylvania, Department of Transportation,
Lower Moreland Township, Reed & Stambaugh,
Montgomery County, Philadelphia Suburban
Water & Sewer, Philadelphia Electric Company et
al., Appellees.

Argued March 9, 1989, before Judges BARRY and
PALLADINO (P.), and Senior Judge NARICK, sitting as a
panel of three.

*Everett K. Sheintoch,* with him, *Lawrence E. Feldman, Needle & Feldman,* for appellant.

*John H. Martin, III, Wilson, Drayer, Morrow, Furber & Lecky,* for appellee, Montgomery County.

OPINION BY JUDGE PALLADINO, April 6, 1989:

Sherry Martin (Appellant) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) sustaining the preliminary objection in the nature of a demurrer of the County of Montgomery (County) and dismissing Appellant's complaint as to the County. We reverse and remand.

On February 12, 1985, Appellant was exiting from One Fairway Plaza onto Philmont Road near the intersection of Red Lion Road in Lower Moreland Township in the County. Appellant drove her car into what appeared to be a puddle, but which was actually a sewer or storm drain located in a ditch next to the road. Appellant alleged that the ditch was totally filled with water and was therefore not visible. Appellant further alleged that her car became submerged in the water, causing her to almost drown.

Appellant commenced an action in the trial court against the County.[1] In her complaint, Appellant alleged

---

[1] In her complaint, Appellant also named as defendants the Pennsylvania Department of Transportation, Lower Moreland Township, Philadelphia Suburban Water Company, Philadelphia Electric Company, Christopher E. Asplundh, Ellen Asplundh, Carl Asplundh, Jr., William Sandman, Ronald W. Laessig, and Reed & Stambaugh. However, Appellant's claims against these defendants are not at issue before this court.

that the County had jurisdiction over the road in question, the shoulder of the road, and the sewer or storm drain system. Appellant's Complaint, paragraph 42. Appellant further alleged that the County had a duty to make the roads within its jurisdiction, as well as the utility services it provides, reasonably safe to travellers. Appellant's Complaint, paragraph 41. Appellant averred that the County "negligently installed, ordered the installation of, or maintained the sewer or storm drain system adjacent to the Philmont Avenue entrance/exit of the premises at One Fairway Plaza." Appellant's Complaint, paragraph 43. Appellant also alleged that the County was aware that the area in question tended to flood during rainstorms, that the sewer or storm drain system was not adequate for its intended purpose, and that the sewer or storm drain was not visible to travellers during flooding conditions. Appellant's Complaint, paragraphs 21-23. Finally, Appellant alleged that, despite the County's knowledge of the dangerous condition, the County failed either to correct the condition or post signs, fences, guardrails or other devices to warn of the defective condition. Appellant's Complaint, paragraph 44.

The County filed preliminary objections in the nature of a demurrer, contending that the roads in question were state highways.[2] The County further asserted that it had no ownership interest in the sewer or storm drain system. Accordingly, the County contended that, because it owed no duty to Appellant as a matter of law, Appellant failed to state a cause of action. In support of its demurrer, the County attached the affidavit of George Schlosser, the Director of the Roads and Bridges Division of the

---

[2] The County also asserted that Appellant had failed to comply with the notice provisions set forth in 42 Pa. C. S. §5522(a)(1). However, this objection was neither addressed by the trial court in its opinion nor by the County in its brief to this court.

County's Public Works Department. Mr. Schlosser stated that the roads in question were owned and maintained by the Pennsylvania Department of Transportation (DOT), that the County did not own and had never owned the drain system, and that the County had entered into no contracts with Lower Moreland Township or DOT for the maintenance of the roads or drain systems.

By order dated December 24, 1987, the trial court sustained the County's preliminary objections and dismissed the complaint as to the County. Relying upon the affidavit as well as principles of judicial notice, the trial court concluded that the County had no ownership interest in or duty to maintain the roads and drainage system. Accordingly, the trial court determined that, as a matter of law, the County owed no legal duty to Appellant.

On appeal to this court, Appellant contends that the trial court erred in sustaining the County's preliminary objections. Appellant asserts that the objections made by the County, based upon the affidavit, constituted an improper "speaking demurrer." Appellant also argues that the trial court erred in taking judicial notice that the roads and adjacent property were not owned by the County.

Initially, we note that a preliminary objection in the nature of a demurrer will be sustained only where a complaint is clearly insufficient to establish any right to relief; any doubt must be resolved in favor of the pleader. *County of Allegheny v. Commonwealth*, 507 Pa. 360, 490 A.2d 402 (1985). A demurrer admits as true all well-pleaded facts, but does not admit conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Department of General Services v. Celli-Flynn*, 115 Pa. Commonwealth Ct. 494, 540 A.2d 1365 (1988).

## Speaking Demurrer

Appellant first contends that the County's preliminary objections and attached affidavit constituted an improper speaking demurrer. This court has held that a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading. *Wells v. Southeastern Pennsylvania Transportation Authority*, 105 Pa. Commonwealth Ct. 115, 523 A.2d 424 (1987). A limited exception to this general prohibition is recognized where a plaintiff avers the existence of a written agreement and relies upon it to establish his cause of action. In such a case, a defendant may properly annex that agreement without creating an impermissible speaking demurrer since the agreement is a factual matter arising out of the complaint itself. *See Satchell v. Insurance Placement Facility of Pennsylvania*, 241 Pa. Superior Ct. 287, 361 A.2d 375 (1976).

Citing *St. Peter's Roman Catholic Parish v. Urban Redevelopment Authority of Pittsburgh*, 394 Pa. 194, 146 A.2d 724 (1958), *cert. denied*, 359 U.S. 435 (1959) and *Detweiler v. School District of Borough of Hatfield*, 376 Pa. 555, 104 A.2d 110 (1954), the trial court in this case determined that the County's affidavit fell within this limited exception to the rule against "speaking demurrers." The trial court concluded that the County's affidavit was not a matter collateral to the pleadings, but one which arose out of the complaint itself.

We disagree and find *St. Peter's* and *Detweiler* inapposite. In *St. Peter's* and *Detweiler*, the plaintiffs averred the existence of certain written documents and premised their respective causes of action on those documents. Accordingly, the Pennsylvania Supreme Court concluded in both cases that the trial court could properly consider those documents, which were attached to the

defendants' preliminary objections in the nature of a demurrer.

In contrast, Appellant in the instant case has not alleged the existence of written documents nor does she rely on particular written documents to establish her cause of action. As noted above, Appellant has alleged that the County has jurisdiction over the roads, the shoulder of the roads, and the drainage system. For the purpose of ruling on a demurrer, these facts must be accepted as true. *Celli-Flynn.* Mr. Schlosser's affidavit does not form the basis of Appellant's action, but was instead offered by the County to disprove the facts alleged by Appellant, *i.e.* that the County lacked ownership or control over the roads and drainage system. Accordingly, we hold that the trial court improperly considered the affidavit in ruling on the preliminary objections.[3]

## JUDICIAL NOTICE

Appellant also asserts that the trial court improperly employed principles of judicial notice in determining that the roads and adjacent property were not owned or maintained by the County. We agree. This court has held that "[j]udicial notice is intended to avoid the formal introduction of evidence in limited circumstances where the fact sought to be proved is so well known that evidence in support thereof is unnecessary, but should not be used to deprive an adverse party of the opportunity to disprove the fact." *Insurance Adjustment Bureau v. Insurance Commissioner*, 86 Pa. Commonwealth Ct. 491, 495, 485 A.2d 858, 860 (1984) (citations omitted). The principle of judicial notice must have a restricted applica-

---

[3] In contrast, we note that, in ruling on a motion for summary judgment, a trial court *may* consider pleadings, depositions, answers to interrogatories, admissions, and affidavits to determine whether a genuine issue of material fact exists. Pa. R.C.P. No. 1035.

tion to demurrers, which challenge the *legal* sufficiency of a complaint, rather than the *factual* sufficiency. *See Department of Justice v. Knox*, 29 Pa. Commonwealth Ct. 302, 370 A.2d 1238 (1977).

Accordingly, we reverse and remand.

## ORDER

AND NOW, April 6, 1989, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter sustaining the preliminary objections of the County of Montgomery is reversed and the case is remanded to the trial court for further proceedings.

Jurisdiction relinquished.