IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark C. Rokita Jr., and all Others : 
Similarly Situated, : 
                  Petitioner : 
         : 
         v. :     No.  307 M.D. 2019
         :     Submitted:  October 2, 2020
Pennsylvania Department of Corrections, : 
             Respondent : 


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON          FILED:  January 21, 2021

      Mark C. Rokita, Jr. (Rokita), *pro se*, files a Petition for Review (Petition) with this Court alleging that the Department of Corrections (DOC) violated his Fourteenth Amendment[1] rights as well as those of other inmates

---

[1] U.S. Const. amend. XIV.

similarly situated.[2,3]  Rokita, an inmate at the State Correctional Institution at Houtzdale (SCI-Houtzdale), alleges that while the DOC grievance policy, DC-ADM 804, would satisfy one's right to due process, the policy's procedures are circumvented and ignored, thereby violating inmates' rights under the Fourteenth Amendment.  In response, the DOC filed Preliminary Objections, asserting that this Court lacks jurisdiction to engage in appellate review of the grievances at issue and that the institution grievance system provides a sufficient post-deprivation remedy that satisfies the due process clause.  The DOC also demurs based on the legal insufficiency of Rokita's pleading.  Upon consideration,[4] we dismiss the Petition for lack of jurisdiction.

---

[2] Throughout his Petition, Rokita styles his argument as a class action suit, utilizing the phrase "and all others similarly situated" in both the caption and within the text.  This Court has previously held that a prisoner proceeding *pro se*, such as Rokita, may not commence a class action lawsuit, as a *pro se* litigant lacks the formal training in the law to adequately represent the interests of his fellow inmates in a class action.  *Mobley v. Coleman*, 65 A.3d 1048, 1051 n.1 (Pa. Cmwlth. 2013) (citations omitted).  Therefore, we consider Rokita's Petition exclusively through the lens of his own constitutional rights, not as rights of a similarly situated class.

[3] On August 6, 2019, Douglas Campbell, also an inmate at the State Correctional Institution at Houtzdale (SCI-Houtzdale), submitted an Application for Relief with this Court in the form of a Motion to Participate by Amicus Curiae.  Mr. Campbell alleged that he possessed "supporting evidence and an opinion relevant to this case."  Application for Relief at 1.  In an order dated August 13, 2019, this Court denied Mr. Campbell's Application for Relief.  Order Denying Application for Relief, 08/14/2019.

[4] In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994).  However, the Court is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review.  *Id.*  We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner.  *Id.*  When considering preliminary objections in the nature of a demurrer, we may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted.  *Clark v. Beard*, 918 A.2d 155, 158 n.4 (Pa. Cmwlth. 2007).  Moreover, we **(Footnote continued on next page…)**

## I.    Background

Rokita alleges that on or around March 26, 2019, "he was denied adequate due process when an officer at SCI[-]Houtzdale went into his cell while no-one [sic] was there and took his prayer rug,[5] several blankets, [and] sheets, and caused miniscule damage to his television in the process."  Petition at Statement of Evidence No. 1.  Rokita opines that he "attempted to resolve the issue by requesting for [sic] the rug back and offered a receipt for the rug to the unit manager, Mr. Vogt." *Id.*  According to Rokita, Mr. Vogt "explained that his officer could take anything he wanted as long as he feels its [sic] controband, [sic] and refused to believe that his officer caused any damage. . . ." *Id.*

On April 25, 2019, Rokita filed an Official Inmate Grievance pursuant to DC-ADM 804.[6]  Petition at Attachment A-1.  Within the Official Inmate

---

have held that "a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading." *Martin v. Dep't of Transp.*, 556 A.2d 969, 971 (Pa. Cmwlth. 1989).

[5] While Rokita refers to the rug in question as a "prayer rug" throughout his filings with this Court, DOC documentation reflects that Rokita "designated [him]self as Christian-Protestant, not Muslim or a practitioner of the Islamic faith and [is] not authorized to possess this religious item per DC-ADM 819 Section 1.A.9." Petition at Attachment B-2.

DC-ADM 819 1.A.9 reads, in relevant part:

While the [DOC] does not ordinarily require an inmate to profess a religious belief, when the nature of the religious activity or practice . . . pertains specifically to a particular belief, only those inmates who have designated their religious preferences and who are recommended for participation in said religious activity by the faith group leader will be included.

DC-ADM 819 1.A.9.

[6] We take judicial notice of the Inmate Grievance Policy, which appears on the DOC's official website at: https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/804%20Inmate%20Grievan **(Footnote continued on next page…)**

3

Grievance dated April 25, 2019 (No. 799118), Rokita asserted that he previously filed an Official Inmate Grievance on March 26, 2019 (No. 792762),[7] concerning the aforementioned incident involving his rug. Rokita argues that upon filing his March 26, 2019 grievance, it was given to Mr. Vogt, the unit manager allegedly involved in the rug incident, in violation of DC-ADM 804 Section 1.C.3.[8]

The DOC denied the April 25, 2019 grievance (No. 799118) on April 29, 2019, as "[t]he grievance was not submitted within [15] working days after the events upon which claims are based." Petition at Attachment A-2. On April 30, 2019, Rokita appealed this decision, and the DOC affirmed the decision on May 2, 2019. *Id.* at Attachments A-3, A-4. On May 5, 2019, Rokita submitted a final appeal to the DOC. *Id.* at Attachment A-5. The Chief Grievance Officer dismissed Rokita's

___

ces.pdf (last visited Jan. 20, 2021). *See Figueroa v. Pa. Bd. of Prob. & Parole*, 900 A.2d 949, 950 n.1 (Pa. Cmwlth. 2006) (taking judicial notice of information found on DOC website).

[7] Rokita previously filed an appeal of a grievance denial with this Court regarding his March 26, 2019 Official Inmate Grievance. *See Rokita v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 182 M.D. 2020, filed Nov. 20, 2020), 2020 Unpub. LEXIS 558. In the previous case, Rokita challenged two DOC policies, DC-ADM 801 HOU 2 and DC-ADM 804, on the basis that the DOC violated his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution. *See* U.S. Const. amends. I, VIII, & XIV. This Court determined that "all of Rokita's claims [were] without legal merit," granting the DOC's Preliminary Objections and dismissing Rokita's Petition for Review with prejudice. Slip op. at 15, 2020 Unpub. LEXIS 558, at 18*.

[8] DC-ADM 804 Section 1.C.3 reads:

If the Facility Grievance Coordinator/designee determines that the grievance is properly submitted according to this procedures manual, the Facility Grievance Coordinator/designee will designate a staff member to serve as the Grievance Officer for that grievance. The staff member who serves as the Grievance Officer shall not be directly involved in or named as the subject of the grievance in Section A and/or B of the DC-804, Part 1. NOTE: The PINK copy of the DC-804, Part 1 form will be returned to the inmate acknowledging acceptance of the grievance.

DC-ADM 804 Section 1.C.3.

4

final appeal on May 21, 2019, because the grievance was "untimely" and "[an inmate] cannot file a grievance about another grievance." *Id.* at Attachment A-6. Rokita now challenges his grievance denial in this Court's original jurisdiction.[9]

## II. Discussion

The DOC asserts that this Court should sustain its Preliminary Objections and dismiss Rokita's Petition because this Court lacks jurisdiction to engage in appellate review of the grievance at issue. Further, the DOC argues that its grievance system exists as a sufficient post-deprivation remedy that satisfies the Due Process Clause of the Fourteenth Amendment. Rokita contends that, as implemented, the DOC grievance system violated his constitutional rights under the Fourteenth Amendment. Rokita requests injunctive and mandamus relief in the form of a judicial review of the DOC's grievance system and the replacement of that system with a process similar to that used by the New York Department of Corrections. Petition at Request for Injunctive Relief, ¶1.

### A. Grievance Jurisdiction

Our Supreme Court previously held in *Bronson v. Central Office Review Committee*, 721 A.2d 357, 358 (Pa. 1998) (*Bronson I*), that the resolution of inmate grievances is "purely internal to the [DOC] . . . and does not function on the level of a government agency" such that appellate review in the courts would be

---

[9] In his Petition, Rokita also references an additional Official Inmate Grievance (No. 806996) that he filed on June 14, 2019. Rokita alleges that on June 6, 2019, "two security officers entered his cell to conduct an 'investigative search.'" Petition at Supplementary Evidence No. 1. During this search, Rokita alleges that the officers "took all his electronics, i.e., a television, keyboard, and a desk lamp, valued at approx[imately] $500 to be 'scanned.'" *Id.* Rokita was informed eight days later that "his electronics will be getting destroyed because all of it was altered." *Id.* As this incident is not the subject of the April 25, 2019 grievance at issue in this case or of the relevant, underlying March 26, 2019 grievance for the rug incident, we will not consider this subsequent grievance in our discussion.

5

appropriate. This Court has also previously "recognize[d] that DOC's grievance process is constitutionally adequate." *Brown v. Wetzel* (Pa. Cmwlth., No. 318 M.D. 2015, filed Sept. 9, 2016), slip op. at 8, 2016 Unpub. LEXIS 640.[10]

As noted at Attachment A-6 of Rokita's Petition, at issue in this case is "a grievance about another grievance." Therefore, at its core, Rokita's Petition challenges the existence of the DOC's grievance system itself. In requesting relief, Rokita goes beyond a mere challenge, requesting mandamus[11] relief in the form of this Court overhauling the DOC's grievance system in its entirety and replacing it with a new system, preferably that of the New York Department of Corrections.

This Court has previously determined "that internal prison operations are more properly left to the legislative and executive branches, and that prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference." *Bronson I*, 721 A.2d at 358 (citing *Robson v. Biester*, 420 A.2d 9 (Pa. Cmwlth. 1980)). The present case is no different. In the guise of seeking mandamus relief, Rokita attempts to appeal to this Court for both the purposes of reviewing the results of his administrative remedies within the DOC grievance system and to reimagine

---

[10] This case is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[11] Mandamus is an extraordinary writ which is not to be granted in doubtful cases. *Bronson v. Bd. of Prob. & Parole*, 421 A.2d 1021, 1023 (Pa. 1980). Mandamus only lies where "(1) the petitioner has a clear legal right to enforce the performance of the act, (2) the defendant has a corresponding duty to perform the act and (3) the petitioner has no other adequate or appropriate remedy." *Saunders v. Dep't of Corr.*, 749 A.2d 553, 556 (Pa. Cmwlth. 2000). "Mandamus is based upon a duty by an agency to follow a law and is available only when, under a correct interpretation of that law, the agency has an absolute ministerial duty - no choice - to act in a certain way." *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 777 (Pa. Cmwlth. 1997). As Rokita requests relief in the form of mandamus, we incorporate the standards for granting mandamus relief within our analysis of the present case.

the structure of the DOC grievance system. However, Rokita avers that he thoroughly exhausted his administrative remedies through the DOC grievance system, and he was not denied the ability to seek these remedies. This Court and our Supreme Court have long acknowledged that this Courts lacks the jurisdiction to review inmate grievances. Additionally, it is not the role of this Court to create DOC policy. While we determine that this Court lacks jurisdiction to resolve internal inmate grievances, we will briefly address Rokita's due process claims.

## B. Due Process Jurisdiction

Our Supreme Court has previously dismissed an inmate's ability to invoke this Court's original jurisdiction for an alleged violation of protected constitutional rights where an inmate cannot identify a personal or property interest. *Bronson I*, 721 A.2d at 359-60. "Prison inmates do not enjoy the same level of constitutional protections afforded to non-incarcerated citizens."[12] *Id.* at 359.

Rokita specifically alleges that his constitutional rights under the Fourteenth Amendment were violated when Mr. Vogt authored the response to his March 26, 2019 grievance (No. 792762). Citing DC-ADM 804 Section 1.C.3, Rokita asserts that because "the staff member who serves as the Grievance Officer shall not be directly involved in or named as the subject of the grievance in Section A and/or B of the DC-[ADM ]804, Part 1," Mr. Vogt inappropriately responded to

---

[12] In *Sandin v. Conner*, 515 U.S. 472 (1995), the United States Supreme Court addressed the issue of an inmate's liberty interests, holding that inmates retain

> liberty interests which are protected by the Due Process Clause. . . . But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* at 484 (internal citations omitted).

7

his grievance as his name was listed within. However, DOC responded, explaining that it was appropriate for Mr. Vogt to author the initial review response because while his name appeared in the grievance, he was not the subject of the act that gave rise to the grievance. *See* Petition at Attachment B.

Allegations that the DOC failed to follow its regulations or internal policies cannot support a claim based upon a vested right or duty because these administrative rules and regulations, unlike statutory provisions, generally do not create rights in prison inmates. *Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1035 (Pa. Cmwlth. 2014); *Bullock v. Horn*, 720 A.2d 1079, 1082 n.6 (Pa. Cmwlth. 1998). While Rokita asserts that his due process rights were violated when the DOC allegedly failed to follow DC-ADM 804 Section 1.C.3, this regulation does not create a right based upon a personal or property interest. *See Bronson I*, 721 A.2d at 359-60. Therefore, as Rokita cannot establish a personal or property interest, this Court lacks jurisdiction over Rokita's due process claim.

Rokita utilized a constitutionally sufficient post-deprivation remedy through the DOC grievance policy. However, Rokita's dissatisfaction with the process and the outcome does not rise to the level of a denial of due process such that is within this Court's jurisdiction. Accordingly, this Court lacks jurisdiction to review the Petition.

### III. Conclusion

Because this Court lacks jurisdiction to review the resolution of internal inmate grievances, and Rokita cannot establish a personal or property interest arising from DOC policy, we sustain the DOC's Preliminary Objection and dismiss the Petition for lack of jurisdiction.

_____
J. ANDREW CROMPTON, Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mark C. Rokita Jr., and all Others | : | |
| Similarly Situated, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 307 M.D. 2019 |
| | : | |
| Pennsylvania Department of Corrections, | : | |
| Respondent | : | |

**O R D E R**

**AND NOW**, this 21st day of January 2021, we **SUSTAIN** the Preliminary Objection of the Department of Corrections and **DISMISS** Mark C. Rokita, Jr.'s Petition for Review for lack of jurisdiction.

_____
J. ANDREW CROMPTON, Judge