IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Maple,                          :
                    Petitioner       :
                                     :
        v.                           :  No. 275 M.D. 2020
                                     :  Submitted:  March 26, 2021
Pennsylvania Department              :
of Corrections,                      :
                    Respondent  :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CROMPTON                    FILED:  August 11, 2021


        Eric Maple (Maple), *pro se*, petitions this Court for review alleging the

Pennsylvania Department of Corrections (DOC) violated his rights under the Eighth

and Fourteenth Amendments of the United States Constitution.[1]  Specifically, Maple

asserts that he experienced cruel and unusual punishment and was denied due

process because the DOC charged him medical co-pay fees and denied him meals

while he was engaged in a self-imposed hunger strike.  Further, Maple contends that

money, in the form of medical co-pays, was unlawfully deducted from his inmate

account in violation of 37 Pa. Code §93.12 (describing the Prison Medical Services

Program).  In response, the DOC filed Preliminary Objections (Objections) in the

_____

        [1] U.S. Const. amend. VIII & XIV.

nature of a demurrer. Upon review, we sustain the Objection related to Maple's Fourteenth Amendment claim and overrule the Objection related to Maple's Eighth Amendment claim.

## I. Background

At the time of the alleged events that are the subject of the instant case, Maple was an inmate at the State Correctional Institution at Houtzdale (SCI-Houtzdale),[2] and he was confined in the Level 5 Restricted Housing Unit within the Diversionary Treatment Unit. Petition for Review (Petition) ¶2. Maple was transferred to the Restricted Housing Unit in August 2019. Objections ¶33.

On August 17, 2019, Maple began refusing "institutional provided meals," engaging in a hunger strike. Petition ¶6. At the time of his initial meal refusals, Maple had privileges to purchase food from the SCI-Houtzdale commissary. *Id*. ¶7. He also had food in his cell that he had previously purchased from the commissary prior to the start of his hunger strike. *Id.* ¶8.

On August 20, 2019, Maple was removed from his cell and handcuffed, at which point the food he had purchased from the commissary was confiscated. *Id*. ¶9. As a result of his hunger strike, Maple became subject to provisions of DOC policy, specifically DC-ADM 820,[3] that require enhanced medical attention in the form of daily consultations with medical staff. *Id.* ¶¶10-11. Upon each medical

---

[2] In a letter filed with this Court on April 28, 2021, Maple provided an updated contact address as he is now an inmate at SCI-Phoenix. Letter, 04/28/2021.

[3] We take judicial notice of the Co-Payment for Medical Services Policy Statement, which appears on the DOC official website at: https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/820%20Co-Payment%20for%20Medical%20Services.pdf (last visited August 10, 2021). *See Figueroa v. Pa. Bd. of Prob. & Parole*, 900 A.2d 949, 950 n.1 (Pa. Cmwlth. 2006) (taking judicial notice of information found on DOC website).

visit, an inmate is charged a $5.00 co-pay from his or her inmate account. *Id.* ¶11. Maple was provided with these enhanced medical services on August 21, 2019, and August 22, 2019, resulting in a total deduction of $10.00 from Maple's inmate account. *Id.* ¶¶12, 18.

Maple allegedly "refused any medical treatment," and, on or about August 27, 2019, he "walked to the infirmary on his own without any help[,] showing he was in good health and strength" and "showed no sign of injury or illness." *Id*. ¶¶13, 19. Further, Maple contends that he "never accepte[d] any treatment or signed any authorization for treatment" and that "[a]t no time was [he] being observed by medical staff on [August 21,] 2019[,] or [August 22,] 2019[,] [] to determine if [he] was eating or to determine if he had eaten." *Id.* ¶¶22-23.

Maple asserts that he was denied due process, in violation of his constitutional rights under the Fourteenth Amendment, "when money was deducted from [his account] without any proof that [he] was ill or injured." *Id.* ¶26. Further, Maple alleges a violation of his constitutional rights under the Eighth Amendment because "the confiscation and denial of [his] food purchase[s] [was] cruel and unusual punishment." *Id*. ¶28. Maple now petitions this Court for review requesting injunctive and declaratory relief, and the DOC demurs.[4]

---

[4] In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). However, the Court is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner. *Id.* When considering preliminary objections in the nature of a demurrer, we may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted. *Clark v. Beard*, 918 A.2d 155, 158 n.4 (Pa. Cmwlth. 2007). Moreover, we have held that "a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading." *Martin v. Dep't of Transp.*, 556 A.2d 969, 971 (Pa. Cmwlth. 1989).

3

## II.    Discussion

Before this Court, Maple asserts that his rights under the Eighth and Fourteenth Amendments of the United States Constitution were violated when money was subtracted from his account for medical care associated with his self-imposed hunger strike.  Specifically, Maple alleges that the deduction of two medical co-pays from his account in the total amount of $10.00 violated his due process rights.  Maple also contends that the confiscation of his commissary-purchased food, and restrictions on his ability to purchase food from the commissary, constituted cruel and unusual punishment by the DOC.

### A. Due Process Rights under the Fourteenth Amendment

The Medical Services Program for inmates is established by the Correctional Institution Medical Services Act, 61 Pa. C.S. §§3301-3307, and the DOC's associated regulations at 37 Pa. Code §93.12.  The DOC's Administrative Directive, DC-ADM 820, implements policies related to these authorities.  The Medical Services Program requires "inmates to pay a fee to cover a portion of the actual costs of the medical services provided."  61 Pa. C.S. §3303(a).

In the instant case, on August 17, 2019, Maple began refusing meals, and in doing so, triggered the facility's hunger strike protocol.  Under this protocol, inmates are required to have enhanced medical attention in the form of daily consultations with medical staff.  37 Pa. Code §93.12(c)(2) states:

(c)  The [DOC] will charge a fee to an inmate for any of the following:

. . . .

(2)  Medical service provided to the inmate as the result of a self-inflicted injury or illness, including emergency medical service provided to the inmate as the result of a self-inflicted injury or illness.

4

As a hunger strike constitutes a "self-inflicted injury or illness," per DOC standards, Maple was charged from his inmate account for two medical visits, costing $5.00 each, over his two-day period of meal refusal.

This Court has previously dismissed inmate claims for constitutional violations associated with the deduction of medical co-pays for treatment. In *Silo v. Ridge*, 728 A.2d 394, 399 (Pa. Cmwlth. 1999), this Court rejected an inmate's allegation that his due process rights were violated by co-pay deductions because the inmate could challenge the deductions through the institutional grievance system set forth in 37 Pa. Code §93.9 and DC-ADM 804. In the instant case, Maple similarly did not avail himself of the grievance process provided by the DOC, yet he alleges a deprivation of due process rights on the part of the DOC.

Additionally, Maple alleges that the assessment of medical co-pays to his inmate account has implicated a protected personal or property interest under the Fourteenth Amendment. This Court has previously held that the medical co-pay program does not impose the type of atypical and significant hardship that would implicate a constitutional right because "any right to be free of co-payments is not of constitutional dimension" and is "limited by [DOC] regulations." *Portlain v. Dep't of Corr.*, 979 A.2d 944, 949 (Pa. Cmwlth. 2009).

Thus, in consideration of this Court's previous evaluations regarding due process and medical co-payments, Maple did not suffer a violation of his due process rights under the Fourteenth Amendment. Further, Maple did not exhaust the administrative remedies afforded him under the DOC's institutional grievance system, the purpose of which is to provide a process for inmates' claims.

5

## B. Protection from Cruel and Unusual Punishment under the Eighth Amendment

Maple also argues that the confiscation of food purchased through the commissary and his subsequent restriction on buying food through the commissary during his hunger strike violated his Eighth Amendment protections against cruel and unusual punishment. Maple asserts in his brief that "prison officials knew of and disregarded an excessive risk to inmate health and safety. . . ." Maple's Br. at 10.

In the context of medical treatment, to state a claim under the Eighth Amendment, an inmate "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Tindell v. Dep't of Corr.*, 87 A.3d 1029, 1038 (Pa. Cmwlth. 2014). "Whether the medical need of an inmate is sufficiently serious to constitute an injury amounting to cruel and unusual punishment is an objective inquiry." *Id.* "[A] prisoner must also allege acts or omissions that evidence deliberate indifference on the part of prison officials in order to state a cognizable claim that the prisoner's constitutional right to be free from cruel and unusual punishment has been violated." *Id.* at 1039. A prisoner must establish that: "(i) the prison official knew of and disregarded an excessive risk to inmate health and safety; (ii) the prison official was aware of facts from which an inference could be drawn that a substantial risk of serious harm exists; and (iii) the prison official drew the inference." *Id.*

Maple does not allege that he was not seen by medical staff during his self-imposed hunger strike. On the contrary, Maple takes issue with the enhanced medical attention provided by prison officials. In fact, Maple's assertions regarding the unnecessary nature of his medical visits center around Maple's apparent healthy demeanor during his period of meal refusal.

6

However, Maple does allege that prison officials were deliberately indifferent to his needs upon the confiscation of his food from the commissary and restrictions on his commissary access. In his Petition, Maple states that "at no time was [he] observed by medical staff on [August 21, 2019,] or [August 22, 2019,] to determine if [he] was eating or to determine if he had eaten." Petition ¶23. Further, in Maple's view, "had [he] taken a meal into his cell[,] [n]o staff[,] [sic] medical or otherwise[,] would have observed if he ate or not." *Id.* ¶27. Maple maintains that "[a]t any and all times [he] had a right under state and [f]ederal [l]aw to deny an institutional meal[,]" but nonetheless, in light of these circumstances, Maple argues that the confiscation and denial of food purchases constituted cruel and unusual punishment in violation of the Eighth Amendment. *Id.* ¶¶28-29.

Through its Objections and brief, the DOC offers an explanation for the food confiscation alleged by Maple. "[T]he most likely reason for the confiscation of [Maple's] commissary purchases and restriction on subsequent purchases was his transfer to the Restricted Housing Unit in August of 2019, rather than any association with his self-imposed hunger strike." Objections ¶33; DOC's Br. at 13. Maple was transferred to the Restricted Housing Unit in August 2019, around the time of his self-imposed hunger strike. While the DOC asks this Court to presume that Maple's allegations are related to the greater limitations that were placed on him in accordance with Restricted Housing Unit policies, this conjecture is insufficient to determine that Maple's claims of cruel and unusual punishment are without merit.

When considering preliminary objections in the nature of a demurrer, we may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted. *Clark*. Moreover, we have held that "a demurrer

cannot aver the existence of facts not apparent from the face of the challenged pleading." *Martin*, 556 A.2d at 971. Thus, as the circumstances surrounding the confiscation of Maple's commissary food and the restrictions imposed on his commissary access remain unclear, we determine that Maple's action as related to his Eighth Amendment right must be allowed to continue and accordingly, the DOC must provide an answer to Maple's concerns.

### III.   Conclusion

For the foregoing reasons, we sustain the Objection of the DOC related to Maple's Fourteenth Amendment claim and overrule the Objection of the DOC related to Maple's Eighth Amendment claim.

_____
J. ANDREW CROMPTON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Maple,                         :
                    Petitioner      :
                                    :
        v.                          :   No. 275 M.D. 2020
                                    :
Pennsylvania Department             :
of Corrections,                     :
                    Respondent :


# **O R D E R**


     **AND NOW**, this 11th day of August 2021, we **SUSTAIN** the Preliminary Objection of the Department of Corrections involving Eric Maple's Fourteenth Amendment claim and **OVERRULE** the Preliminary Objection of the Department of Corrections involving Eric Maple's Eighth Amendment claim. The Department of Corrections has 30 days to file an answer to Eric Maple's Petition for Review related to his Eighth Amendment claim.


                        _____

                        J. ANDREW CROMPTON, Judge