IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexander Lugo,                              :
                        Petitioner           :
                                             :
            v.                               :  No. 489 M.D. 2020
                                             :  Submitted: May 21, 2021
John E. Wetzel and Mr. Nevis and             :
The Pennsylvania Department of               :
Corrections,                                 :
                        Respondents          :


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE CROMPTON                          FILED:  September 16, 2021


            Alexander Lugo (Lugo), *pro se*, petitions this Court for review in the
nature of mandamus. Lugo asserts that the Pennsylvania Department of Corrections
(DOC), John E. Wetzel, and Mr. Nevis (collectively, Respondents), violated his
constitutional rights under the Fourth, Eighth, and Fourteenth Amendments of the
United States Constitution[1] as well as their Pennsylvania Constitution counterparts,
if applicable,[2] by deducting funds from his inmate account to collect court costs

---

[1] U.S. Const. amends. IV, VIII, and XIV.

[2] Lugo specifically cites Pa. Const. article I, section 8. All other references to the
Pennsylvania Constitution are named as "counterparts" to explicitly cited provisions of the United
States Constitution. *See* Petition ¶28.

under Section 9728(b) of the Sentencing Code, 42 Pa. C.S. § 9728(b), commonly known as "Act 84."[3] In response, Respondents filed Preliminary Objections (Objections)[4] in the nature of a demurrer. Upon review,[5] we sustain Respondents' Objections and dismiss Lugo's Petition for Review (Petition).

---

[3] Act 84, in relevant part, provides:

> The [DOC] shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution, costs imposed under section 9721(c.1), filing fees to be collected under section 6602(c) (relating to prisoner filing fees) and any other court-ordered obligation.

42 Pa. C.S. § 9728(b)(5)(i).

In 2019, the legislature amended Act 84, requiring the above-described minimum deduction of 25% from an inmate's account to pay the inmate's court-ordered fines and costs. Prior to the 2019 amendment, the DOC promulgated Policy Statement DC-ADM 005, which set a deduction "from an inmate's account monthly payments of 20% of the preceding month's income provided the account balance exceeds $10.00[.]" Commonwealth of Pennsylvania, Department of Corrections, Policy Statement: Collection of Inmate Debts 2-1 (2007), available at: https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/005%20Collection%20of%20Inmate%20Debts.pdf (last visited Sept. 13, 2021).

[4] In their Objections, Respondents twice incorrectly reference what is presumably the name of another petitioner in an unrelated case. However, almost all the Objections, and the entirety of their accompanying brief, clearly and accurately state that the Objections relate to Lugo and the instant action. Thus, while we note this discrepancy for the sake of clarity, the error is not consequential.

[5] In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595 (Pa. Cmwlth. 1994). However, the Court is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner. *Id.* When considering preliminary objections in the nature of a demurrer, we may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted. *Clark v. Beard*, 918 A.2d 155 (Pa. Cmwlth. 2007). Moreover, we have

2

# I. Background

Lugo is an inmate currently incarcerated at the State Correctional Institution (SCI) at Mahanoy. Petition ¶5. On April 16, 2018, Lugo was sentenced to 5 to 10 years' imprisonment for firearms possession charges and 3 to 10 years' imprisonment for controlled substance possession charges by the Court of Common Pleas of Berks County (trial court). Petition ¶6; Objections at Ex. A. In his Petition,[6] Lugo alleges that the trial court "waived all fees connected with his prosecution." Petition ¶7.

Lugo further alleges that on or about February 23, 2019, Respondents began unconstitutionally deducting funds from his inmate account. Petition ¶¶9, 11. Per Lugo's explanation, Respondents have deducted $329.51 from his account to date for the purpose of collecting court costs, pursuant to Act 84. Petition ¶11. Lugo requests that those funds and any other deductions made from his inmate account be returned to him and that Respondents cease further deductions. Petition ¶12. Additionally, Lugo asks this Court to direct Respondents to pay him $1,000 for "his pain and suffering to date[]." Petition at 8.

In their Objections, Respondents state: "Although Lugo was not sentenced to pay restitution or a fine, the language in the sentencing order reflects that he was ordered to pay costs." Objections ¶7. Further, Respondents explain that "[Lugo] misreads the sentencing orders when he avers that the [trial court] waived all fees associated with his sentence." Objections ¶9. Thus, per Respondents' recounting of the relevant facts at issue in this case, Lugo mistakenly believes that

---

held that "a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading." *Martin v. Dep't of Transp.*, 556 A.2d 969, 971 (Pa. Cmwlth. 1989).

[6] Lugo did not file a brief in support of his Petition. In our March 2, 2021 Order, this Court directed disposition of the case in the absence of Lugo's brief.

3

the deductions from his inmate account amount to a violation of his constitutional rights due to his misunderstanding of the terms of his sentencing order as issued by the trial court.

## II.    Discussion

Before this Court, Lugo asserts that the trial court's sentencing order constitutes a waiver of all fees associated with his prosecution. In Lugo's view, because Respondents improperly disregarded the trial court's waiver, his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as his rights under corresponding amendments of our state constitution, were violated. However, Respondents assert that because the DOC is statutorily required to make deductions from an inmate's account to pay for outstanding court costs, the waiver suggested by Lugo is a legal impossibility. Further, Respondents note that any blank space provided on pre-printed sentencing orders is not related to waiver of court costs, but instead is provided to indicate imposed fines, if applicable. In the instant case, neither party contends that the sentencing judge imposed fines as part of Lugo's sentence.

In their brief, Respondents ask this Court to consider the process by which sentencing forms, and associated court costs and fines, are assessed and processed. Respondents posit the view that Lugo "misconstrue[d]" the sentencing order. Respondents' Br. at 8. Lugo's April 16, 2018 sentencing order indicates that the sentencing judge checked the box designating that Lugo "shall . . . pay no restitution." Respondents' Br. at Ex. A.[7] The sentencing order further provides as follows:

---

[7] Within his Petition, Lugo refers to orders that were purportedly attached to his Petition. However, the orders referred to were not attached. Where a petitioner avers the existence of a

4

> The [trial] court also directs that [Lugo] **shall pay the court costs** and a fine in the amount of $0.00, and be subject to such conditions governing probation, including a plan for the payment of costs, fines and restitution as established by Berks County Parole Office, or the PA Board of Parole, as applicable.

*Id.* (emphasis added).  Respondents explain that the blank space, where "$0.00" was inserted by the sentencing judge, does not indicate the aggregate of the total court costs and fines, but instead the amount of fines imposed by the sentencing judge alone.

Court costs are not usually tabulated in a sentencing order, and though they are imposed by the sentencing judge, calculating the amount of costs is a ministerial role for a clerk of court.  *Richardson v. Pa. Dep't of Corr.*, 991 A.2d 394, 397 (Pa. Cmwlth. 2010).  The pre-printed language on sentencing orders imposes costs, and then leaves a blank space for the sentencing judge to indicate the amount of the imposed fine, if applicable.  There is no blank space included on pre-printed sentencing orders for the sentencing judge to write in the amount of court costs.  However, a sentencing judge must determine the amount of a fine at the time of sentencing, and it is to be put forth in the sentencing order.  42 Pa. C.S. §9726.  In the instant case, the sentencing judge did not impose fines and indicated as much by filling in "$0.00" in the corresponding blank space.

Court costs imposed under Act 84 are automatic per 42 Pa. C.S. §9728(b.2),[8] regardless of whether the sentencing judge orders them.  Thus, even if

---

document and relies on it to establish a claim, a respondent may attach the document to its preliminary objections and the court may consider it in ruling on the preliminary objections. *Detweiler v. Sch. Dist. of Borough of Hatfield*, 104 A.2d 110, 113 (Pa. 1954).  Therefore, Respondents properly attached the orders to their Objections.

[8] 42 Pa. C.S. §9728(b.2) reads:

5

Lugo correctly notes that the trial court waived all court costs, this waiver would be improper and contrary to law. While the sentencing judge may exercise discretion in imposing fines, and a sentencing court's order governs the DOC's collections from inmate accounts, the sentencing judge may not eliminate the repayment of court costs. *See Freemore v. Dep't of Corr.*, 231 A.3d 33, 39 (Pa. Cmwlth. 2020).

This reality is elucidated by the Court Commitment Continuation Sheet (Sheet) appended to Respondents' brief in the instant matter. *See* Respondents' Br., Ex. B. The Sheet, printed on April 24, 2018, reflects the sentencing judge's decision to not impose fines or restitution on Lugo. Respondents' Br., Ex. B at 5. However, the Sheet outlines court costs owed by Lugo in the amount of $1,918.72, as well as a mandatory $60.00 contribution to the Crime Victim's Compensation Fund. *Id.* The Sheet was prepared by a clerk of court following Lugo's sentencing on April 16, 2018, and subsequently signed and sealed by the sentencing judge and trial court, respectively. *See id.* at 1. The Sheet clearly indicates that while Lugo is not responsible for fines or restitution, as previously determined by the sentencing judge, he is required to pay court costs and fees as mandated by Act 84.

Thus, Respondents did not violate Lugo's federal or state constitutional rights by deducting funds from Lugo's inmate account to satisfy Act 84 requirements. As suggested by Respondents, Lugo's Petition is premised on a misinterpretation of the sentencing order and a misunderstanding of a sentencing

---

(b.2) Mandatory payment of costs.--Notwithstanding any provision of law to the contrary, in the event the court fails to issue an order under subsection (a) imposing costs upon the defendant, the defendant shall nevertheless be liable for costs, as provided in section 9721(c.1), unless the court determines otherwise pursuant to Pa.R.Crim.P. [] 706(c) (relating to fines or costs). The absence of a court order shall not affect the applicability of the provisions of this section.

judge's role as it relates to Act 84 obligations. Therefore, Lugo is not entitled to relief.

### III. Conclusion

For the foregoing reasons, we sustain Respondents' Objections and dismiss Lugo's Petition.

_____
J. ANDREW CROMPTON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alexander Lugo,               :
          Petitioner        :
                                :
         v.                  :   No.  489 M.D. 2020
                                :
John E. Wetzel and Mr. Nevis and   :
The Pennsylvania Department of     :
Corrections,                      :
         Respondents      :

## **O R D E R**

**AND NOW**, this 16th day of September 2021, we **SUSTAIN** the Preliminary Objections of the Pennsylvania Department of Corrections, John E. Wetzel, and Mr. Nevis and **DISMISS** Alexander Lugo's Petition for Review.

 

_____
J. ANDREW CROMPTON, Judge