# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Diaz                          :
(On behalf of himself and all others     :
similarly situated, as well as            :
all of the Voters of Dauphin County     :
and the Citizens of Pennsylvania),      :
                  Petitioner     :
                             :
            v.               :    No. 254 M.D. 2021
                             :    SUBMITTED: February 18, 2022
Director Matthew A. Miller, in both his   :
Individual and Official Capacities;      :
Probation Officer Kristina Litzenberger, :
in both her Individual and Official     :
Capacities; and the Entire Probation     :
Officer Staff Employed at the Dauphin   :
County Work Release Center, in both    :
their Individual and Official Capacities, :
                Respondents   :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                **FILED: July 14, 2022**

Petitioner, Eric Diaz, *pro se*,[1] petitions for review in the nature of a writ

of *quo warranto* alleging that the 12th Judicial District of Pennsylvania violated the

---

[1] In *Diaz v. 12th Judicial District* (Pa. Cmwlth., No. 589 M.D. 2020, filed September 20, 2021), Diaz styled his action as a class action suit by using the phrase "and all others similarly situated" in both the caption and the text. Having previously held that a prisoner proceeding *pro se* may not commence a class action lawsuit, as such a litigant lacks the formal training to adequately represent the interests of his fellow inmates, we deemed to consider Diaz's petition exclusively through the lens of his own constitutional rights. *Mobley v. Coleman*, 65 A.3d 1048,
**(Footnote continued on next page…)**

separation of powers doctrine of the United States and Pennsylvania Constitutions by virtue of operating the Dauphin County Work Release Center (DCWRC) as an entity of the Court of Common Pleas of Dauphin County. In addition, Diaz filed an application for summary relief. Diaz named as Respondents the Director of the DCWRC, Matthew A. Miller, in his personal and official capacity; Probation Officer Kristina Litzenberger, in her personal and official capacity; and the entire staff of probation officers employed at the DCWRC, in their personal and official capacities. Preliminary objections were filed on behalf of Director Miller, in his official capacity; and Probation Officer Litzenberger, in her official capacity.[2] In his answer, Diaz filed preliminary objections to Respondents' preliminary objections. We sustain Respondents' preliminary objections and dismiss Diaz's petition for review. In addition, we dismiss as moot Diaz's application for summary relief and overrule his preliminary objections to Respondents' preliminary objections.

In October 2016, the trial court sentenced Diaz to five years with the first year to be served in confinement at the Dauphin County Prison. (Aug. 2, 2021 Pet. for Rev. at IV.1.) In November 2016, Diaz was moved to the DCWRC where Litzenberger supervised him. (*Id*. at IV.2.) When Litzenberger observed Diaz with a cell phone in May 2017, he was returned to the prison for violation of the policy prohibiting cell phones. (*Id*. at IV.3.) After the cell phone was seized and turned over to the District Attorney, Diaz was charged with criminal offenses as the result

---

1051 n.1 (Pa. Cmwlth. 2013). Here, Diaz purports to represent himself, all others similarly situated, all of the voters of Dauphin County, and all of the citizens of Pennsylvania. (Aug. 2, 2021 Pet. for Rev. at I.1.) Pursuant to the same rationale, we consider the present petition solely through the lens of Diaz's rights.

[2] As Respondents assert and Diaz avers in his petition for review, Diaz's claims are actually against the Court of Common Pleas of Dauphin County and the DCWRC, both of which are entities of the Unified Judicial System of Pennsylvania. (Aug. 2, 2021 Pet. for Rev. at III.3, IV.B.8 and 9, and V.C.6 and Nov. 1, 2021 Resps.' Br. at 4-5.)

of what he alleged was an illegal search.[3] (*Id*. at IV.4-6.) However, both of Diaz's suppression motions were denied. (*Id*. at IV.9.)

In the petition for review, Diaz alleges that Respondents' administration of the DCWRC constitutes a violation of the separation of powers doctrine because the authority to run it properly rests with the Dauphin County Prison Board. (*Id*. at IV.B.11.) Just as he did in *Diaz v. 12th Judicial District* (Pa. Cmwlth., No. 589 M.D. 2020, filed September 20, 2021), slip op. at 3-4,[4] Diaz outlines the DCWRC's history in support of his contention that he was unlawfully subjugated to the control of judicial officials while at the DCWRC and to a search by individuals who lacked the proper authority. (Aug. 2, 2021 Pet. for Rev. at IV.B.1-11.) By way of relief, Diaz requests that we (1) order that the entire staff of probation officers who work at the DCWRC, including Miller and Litzenberger, be unable to hold right and title to their respective public offices; and (2) grant such other relief as justice may require under the circumstances. (*Id*. at VII.1 and VII.2.)

In Respondents' preliminary objections,[5] they assert that this Court lacks jurisdiction to decide the issues in the petition for review, that the petition fails

---

[3] On May 24, 2017, Diaz was charged with possession of child pornography. *Diaz*, No. 589 M.D. 2020, slip op. at 3. Although he alleges that the case (CP-22-CR-0003178-2017) is still in the pre-trial phase, the docket reflects that he entered a guilty plea on June 3, 2021 and filed a motion to withdraw guilty plea on August 30, 2021. However, the docket further reflects that he entered another guilty plea on May 13, 2022, and that a sentence was imposed on that date. As of May 23, 2022, the docket reflects the case status as "closed."

[4] (Nov. 21, 2021 Resps.' Br., Ex. A.)

[5] In ruling on preliminary objections, we accept as true all well-pleaded material allegations in a petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595 (Pa. Cmwlth. 1994). However, we are not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in a petition for review. *Id*. We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in **(Footnote continued on next page…)**

3

to state a valid claim for relief, that Diaz lacks standing, that the doctrine of *lis pendens* applies, that the petition constitutes a collateral attack on Diaz's criminal case, and that Respondents enjoy immunity.

*Quo warranto* is a civil proceeding that is the exclusive means of challenging the title or right to public office. *Reed v. Harrisburg City Council*, 995 A.2d 1137, 1139 (Pa. 2010). The action must be brought by the Attorney General or a local district attorney. *Mayer v. Hemphill*, 190 A.2d 444, 446 (Pa. 1963). A limited exception exists for an individual with an interest distinct from the general public, who may bring suit only after the Commonwealth declines to initiate such an action. *Reed*, 995 A.2d at 1140. However, such an individual must demonstrate that he has "some peculiar, personal interest aside from his general interest as a member of the public." *Id.*

Diaz does not state viable grounds for *quo warranto* relief. At best, he is seeking to test the legality of the office, not the right of the named respondents to hold their respective positions. Specifically, he seeks to eliminate the Dauphin County probation employees and/or to alter their job duties, requesting that we declare "the entire staff of Probation Officers [] who work at the [DCWRC] . . . be unable to hold their right and title to their public respective offices, because as Judicial Branch authorities, they have all unlawfully usurped and retained control of the Executive Branch functions of superintending over the Penal/Correctional care, custody and control of Work Release inmates in Dauphin County . . . ." (Aug. 2, 2021 Pet. for Rev. at VII.1.) In addition, he avers that the trial court's Administrative

---

his favor. *Id.* When considering preliminary objections in the nature of a demurrer, we may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted. *Clark v. Beard*, 918 A.2d 155 (Pa. Cmwlth. 2007). In addition, "a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading." *Martin v. Dep't of Transp.*, 556 A.2d 969, 971 (Pa. Cmwlth. 1989).

Order directing the Dauphin County Prison Board to manage the DCWRC was "illegally issued." (*Id*. at VII.1.E.)

Moreover, Diaz's attempt to garner standing as a taxpayer, Dauphin County voter, and Commonwealth citizen does not operate to afford him standing in the absence of meeting the relevant criteria. A party must have a substantial, direct, and immediate interest in the outcome of litigation in order to have standing. *Diaz*, 589 M.D. 2020, slip op. at 12 [citing *Soc'y Hill Civic Ass'n v. Pa. Gaming Control Bd.*, 928 A.2d 175, 184 (Pa. 2007)]. An interest is substantial only if it surpasses the common interest of all citizens in procuring obedience to the law, is direct only if the matter complained of caused harm to the party, and is immediate only if it is not remote or speculative. *Soc'y Hill Civic Ass'n*, 928 A.2d at 184. By virtue of Diaz's absence from the DCWRC, his interest is indirect and remote. In addition, his interest in the DCWRC's adherence to the law does not surpass that of all citizens, nor is he more appropriately situated than others to bring this type of claim. *Diaz*, 589 M.D. 2020, slip op. at 12-13. Accordingly, he lacks standing to bring the instant action.[6]

As for the doctrine of *lis pendens*, it is applicable when three criteria are met: "(1) the prior case is the same; (2) the parties are substantially the same; and (3) the relief requested is the same." *Pa. Pharmacists Ass'n v. Dep't of Pub. Welfare*, 733 A.2d 666 (Pa. Cmwlth. 1999). When a party seeks to dismiss a claim under the doctrine, the three-pronged test must be strictly applied. *Hillgartner v. Port Auth. of Allegheny Cnty.*, 936 A.2d 131 (Pa. Cmwlth. 2007). The applicability of the doctrine is a pure question of law ascertainable from an inspection of the records in the two cases. *Id*. at 138.

---

[6] *See also supra* note 1, reiterating that Diaz as a prisoner proceeding *pro se* may not commence what is tantamount to a class action lawsuit.

Here, Diaz essentially makes the same factual averments and legal arguments that he did in both the petition for mandamus and declaratory and injunctive relief that he filed in this Court, *Diaz*, 589 M.D. 2020, and the amended civil rights complaint that he filed in common pleas court, *Diaz v. Curcillo* (No. 2019 CV 3206-CV). (Nov. 21, 2021 Resps.' Br., Ex. A and Ex. C.) In both matters, which we afford judicial notice, Diaz asserts that the judiciary's operation of the DCWRC violates the separation of powers doctrine, and he seeks a court order directing the personnel there to cease and desist from performing such functions.

As for the parties, they are either substantially the same or identical to the ones that he sued in the aforementioned actions. Just as in those cases, he is presently suing Miller, Litzenberger, the probation officers, and the DCWRC. In addition, the Honorable Deborah E. Curcillo is a judge in the 12th Judicial District. Consequently, the overlapping parties are either identical or in privity with one another. *Hillgartner*, 936 A.2d at 140 (defendants in privity are substantially the same for *lis pendens* purposes).

In addition, Diaz in the present matter requests similar relief to that which he requested in the aforementioned actions. Notwithstanding the fact that Diaz has characterized the present matter as a *quo warranto* action, the relief that he seeks in common pleas court in *Curcillo* and the relief that he sought in this Court in *Diaz*, 589 M.D. 2020, is essentially the same. Consequently, the test for the applicability of the doctrine of *lis pendens* is met.

Moreover, the present matter constitutes a collateral attack on Diaz's criminal case.[7] As in *Diaz*, 589 M.D. 2020, the instant case originated solely from

---

[7] As set forth in note 3, Diaz's criminal case has been marked "closed." However, given his proclivity for filing overlapping and essentially identical lawsuits, we will briefly address the collateral attack issue.

the confiscation and search of Diaz's cell phone during his residence at the DCWRC that resulted in criminal prosecution. In addition, Diaz alleged in both the present case and *Diaz*, 589 M.D. 2020, that he was not requesting that we make any sort of direct ruling on his then pending criminal matters as they were outside of our jurisdiction. (Aug. 2, 2021 Pet. for Rev. at IV.10 n.5.) However, as he also previously asserted, "[a] ruling upon this Petition for Review by this Honorable Court in [his] favor . . . would be proof of an underlying primary taint for the above-mentioned warrantless search(es) of the alleged cell phone that led up to his . . . criminal charges." (*Id*.) In fact, he planned to seek reconsideration of the denial of the suppression motion on the ground that he "was unlawfully subjected to the dominion of Judicial authorities while at the DCWRC and, therefore, believes that "a ruling upon this Petition for Review . . . in [his] favor . . . would be proof of an underlying taint." (*Id*. at IV.10.) As we previously determined: "Diaz must challenge the seizure of the cell phone before the Dauphin County Court of Common Pleas in connection with his criminal case." *Diaz*, 589 M.D. 2020, slip op. at 11. Improperly addressing such a matter in a civil case "would evade the proper channels for defendants to challenge matters related to evidence and criminal procedure." *Id*.

Finally, we overrule Diaz's preliminary objections to Respondents' preliminary objections. He essentially asserts that Respondents' preliminary objections lack a certificate of compliance regarding the public access policy, lack a verification, and lack three inches at the top of the page. However, he failed to file his preliminary objections in a separate pleading. In addition, Respondents relied on facts alleged in the petition for review and there is no prejudice from these claimed technical defects. Accordingly, we find Diaz's preliminary objections to be without merit.

Accordingly, we sustain Respondents' preliminary objections and dismiss Diaz's petition for review. We dismiss as moot Diaz's application for summary relief.[8] In addition, we overrule Diaz's preliminary objections to Respondents' preliminary objections.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[8] In light of our resolution of the aforementioned preliminary objections, we will not evaluate Respondents' additional objections.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Diaz                      :
(On behalf of himself and all others  :
similarly situated, as well as        :
all of the Voters of Dauphin County  :
and the Citizens of Pennsylvania),   :
               Petitioner   :
                          :
         v.             :   No. 254 M.D. 2021
                          :
Director Matthew A. Miller, in both his :
Individual and Official Capacities;   :
Probation Officer Kristina Litzenberger, :
in both her Individual and Official   :
Capacities; and the Entire Probation  :
Officer Staff Employed at the Dauphin :
County Work Release Center, in both  :
their Individual and Official Capacities, :
              Respondents  :

# O R D E R

AND NOW, this 14th day of July, 2022, we SUSTAIN Respondents' preliminary objections. We DISMISS Petitioner Eric Diaz's petition for review and DISMISS AS MOOT his application for summary relief. Further, we OVERRULE Petitioner Diaz's preliminary objections to Respondents' preliminary objections.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita